855 F.2d 524
 11 Fed.R.Serv.3d 1372
 UNITED STATES of America, Appellee,
v.
MANSION HOUSE CENTER NORTH REDEVELOPMENT COMPANY, a limited
partnership; Mansion House Center Redevelopment Company, a
limited partnership; Mansion House Center South
Redevelopment Company, a limited partnership; Mansion House
Center North Redevelopment Corporation, a corporation and
Francis E. Darcy, General Partners of Mansion House Center
North Redevelopment Company; Mansion House Center South
Redevelopment Corporation, a corporation and Francis E.
Darcy, General Partners of Mansion House Center South
Redevelopment Company; Mansion House Motor Motel Company, a
limited partnership; Appellants,
Ocean Sea Breeze, Inc., a corporation, and Francis E. Darcy,
General Partners of Mansion House Motor Motel Company;
Mansion House Motor Motel Corporation, a corporation;
Pierre V. Heftler; E.J. Ehrlich; Hart Perry; Norman S.
Altman; Mansion house Center North Tower Redevelopment
Corporation; Mansion House Center Tower Redevelopment
Corporation; Mansion House Center South Tower Redevelopment
Corporation.
UNITED STATES of America, Appellee,
v.
MANSION HOUSE CENTER REDEVELOPMENT COMPANY, a limited
partnership; Appellant,
and MH Center Tower Redevelopment Corporation, a
corporation; and Norman S. Altman; E.J. Ehrlich; Pierre
V. Heftler and Hart Perry, General Partners of Mansion House
Center Redevelopment Company, a limited partnership; and
Mansion House Center Redevelopment Corporation, a
corporation, and Francis E. Darcy, General
Partners of Mansion House Center
Redevelopment Company, a
limited partnership,
Appellants.
UNITED STATES of America, Appellee,
v.
MANSION HOUSE CENTER NORTH REDEVELOPMENT COMPANY, a limited
partnership, Appellant,
MH Center North Tower Redevelopment Corporation, a
corporation, and Norman S. Altman; E.J. Ehrlich; Pierre V.
Heftler; Hart Perry, General Partners of Mansion House
Center North Redevelopment Co., a limited partnership;
Mansion House Center North Redevelopment Corporation, a
corporation; and Francis E. Darcy, General
Partners of Mansion House Center North
Redevelopment Co., a limited
partnership, Appellants.
UNITED STATES of America, Appellee,
v.
MANSION HOUSE CENTER SOUTH REDEVELOPMENT COMPANY, et al., Appellants,
and Mansion House Center South Tower Redevelopment
Corporation, a corporation, and Norman S. Altman; E.J.
Ehrlich, Pierre V. Heftler and Hart Perry, General Partners
of Mansion House Center South Redevelopment Co., a limited
partnership, and
Mansion House Center South Redevelopment Corporation, a
corporation, and Francis E. Darcy, General
Partners of Mansion House Center South
Redevelopment Co., Appellants.
 No. 88-1302.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 24, 1988.
Decided Aug. 19, 1988.
 
 Lloyd A. Palans, David W. Harlan, and Cawood K. Bebout, St. Louis, Mo., for appellants.
 Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., J. Christopher Kohn and James G. Bruen, Jr., Washington, D.C., for appellee.
 Before ARNOLD, Circuit Judge, ROSS, Senior Circuit Judge, and WOLLE, District Judge.*
 PER CURIAM.
 
 
 1
 Appellants in these consolidated foreclosure actions contest the district court's[1] modification and clarification of its December 2, 1985 judgment, after that judgment was affirmed by this court. Finding no abuse of discretion, we affirm.
 
 
 2
 The United States, appellee, filed these three foreclosure actions against the appellants, the owners of the Mansion House Center towers (Owner-Partnerships), in May of 1979 after the Owner-Partnerships defaulted on their mortgage payments to the Department of Housing and Urban Development (HUD).[2]
 
 
 3
 Each suit involved a Deed of Trust Note and a Deed of Trust executed in 1964, and a Security Agreement executed in 1967. Each Deed of Trust Note was secured by the corresponding Deed of Trust and later by the corresponding Security Agreement. Each Deed of Trust mortgaged the respective defendants' leasehold interests in the land underlying what are now known as the Mansion House Center towers, together with the entirety of the respective defendants' interests in the towers to be constructed on the land and interests in the fixtures to be installed in those towers. That is, by the Deeds of Trust, defendants mortgaged (in addition to their leasehold interests in the land) both their leasehold interests in the towers and fixtures and their fee interests, if any, in the towers and fixtures. Each Security Agreement pledged as security certain personal property located in or attached to or belonging to the tower which was later constructed on the land involved in the corresponding Deed of Trust and Deed of Trust Note.
 
 
 4
 United States v. Mansion House Center Redevelopment Co., 118 F.R.D. 487, 491-92 (1987) (footnotes omitted). In each of these actions the government sought, inter alia, an order of foreclosure on the respective deeds of trust and security agreements, and sale of the subject property, in order to satisfy the indebtedness on the deed of trust notes and certain money judgments against the appellants.
 
 
 5
 Eventually, on August 12, 1985, after years of litigation and numerous appeals to this court, these foreclosure actions were tried to the district court sitting without a jury. At that time the parties stipulated that the United States was entitled to a separate judgment in each of the foreclosure actions, unless theOwner-Partnerships prevailed on their sole defense that HUD was obligated to settle the cases pursuant to the parties' August 18, 1982 settlement agreement, as amended. On December 2, 1985, the district court rejected the defense asserted by the Owner-Partnerships, entered judgment in favor of the United States in each of the foreclosure actions, and ordered that all Mansion House Center realty described in the respective deeds of trust be sold for cash to the highest bidder. Several days later the district court stayed its order of foreclosure pending the Owner-Partnerships' appeal to this court. On July 17, 1986, we affirmed the district court's judgment in full. United States v. Mansion House Center Redevelopment Co., 796 F.2d 1039 (8th Cir.1986).
 
 
 6
 Thereafter, on January 16, 1987, the United States filed a motion for supplemental order in the district court seeking an order to (1) foreclose the Owner-Partnerships' leasehold interests in the Mansion House Center towers, (2) sell the Mansion House Center towers' fixtures, personal property and works of art, and (3) foreclose the Owner-Partnerships' interest in Mansion House Center Land Redevelopment Corporation, the fee owner of the land on which the Mansion House Center towers are located.[3] The Owner-Partnerships in turn filed a motion to dismiss the government's motion, arguing that the district court lacked jurisdiction to alter, amend, modify, or enlarge the court's December 2, 1985 judgment after it had been affirmed by this court on appeal.
 
 
 7
 On December 24, 1987, the district court granted in part and denied in part the government's motion for supplemental order. First, the district court concluded that it had jurisdiction pursuant to Fed.R.Civ.P. 60(a) to correct errors of omission or oversight in its prior judgment, order, and memorandum, even though the judgment had been affirmed on appeal. The district court then noted that because both the December 2, 1985 memorandum and order "were intended to be read in the context of: (1) the three complaints, (2) the preceding decisions of this Court and of the Eighth Circuit in the Mansion House litigation, and, most importantly, (3) the parties' 61 stipulations of fact (some 19 pages)," and because of the court's own desire for brevity, various understood facts and conclusions were omitted from the memorandum and order as an oversight. Mansion House Center Redevelopment Co., supra, 118 F.R.D. at 493. Stating that the court intended and the parties understood that in the event the Owner-Partnerships' sole defense to foreclosure was rejected the Owner-Partnerships' entire ownership interests described in the three deeds of trust would be foreclosed, including their (a) leasehold interests in the land, the towers and its fixtures, and (b) fee interests, if any, in the towers, its fixtures, and personal property, the district court concluded that the government was entitled to a supplemental order specifically foreclosing those interests. Lastly, the district court concluded that the government was not entitled to foreclosure of the Owner-Partnerships' beneficial interests in Mansion House Center Land Redevelopment Corporation, the fee owner of the land. The court noted that although the Owner-Partnerships now owned all of the beneficial interest in that corporation by virtue of a consent decree in 1984, the corporation was neither a party to this litigation nor to other Mansion House litigation in federal court. Subsequently, on January 22, 1988, the district court entered a supplemental order, foreclosing the Owner-Partnerships' interests in the three deeds of trust and directing the sale of all subject interests and property.
 
 
 8
 In this appeal, the Owner-Partnerships assert that the district court exceeded its authority under Fed.R.Civ.P. 60(a) by substantially modifying its December 2, 1985 order. Specifically, the Owner-Partnerships argue that Rule 60(a) authorizes only corrections of clerical or mechanical errors, not deliberate omissions by the court, and that the rule was not intended to permit the reopening of a final judgment upon a party's assertion that the judgment is flawed in some way. The Owner-Partnerships also assert that the district court erred in granting the requested relief because the government's motion to alter judgment was filed out of time under Rules 59(e) and 60(b).
 
 
 9
 Having carefully considered the record and parties' briefs, we find no abuse of discretion in the district court's modification and clarification of its December 2, 1985 judgment. This court has previously recognized that under Rule 60(a) the district court has the power to correct omissions in its judgment so as to reflect what was understood, intended and agreed upon by the parties and the court. Pattiz v. Schwartz, 386 F.2d 300, 303 (8th Cir.1968). We are convinced that the district court's supplemental judgment and orders, dated December 24, 1987 and January 22, 1988, merely clarify the court's intentions and parties' understandings, which were inadvertently omitted from the court's December 2, 1985 judgment.
 
 
 10
 We also find appellants' argument that the government's motion for supplemental order was filed out of time to be without merit. Rule 60(a) clearly provides that "errors * * * arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party * * *." Under the circumstances of this complex case, we find that the government's delay in requesting clarification of the district court's prior order was neither unreasonable nor prejudicial to the appellants.
 
 
 11
 Accordingly, we affirm. Mandate of this court shall issue forthwith.
 
 
 
 *
 The Honorable Charles R. Wolle, United States District Court Judge for the Southern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri
 
 
 [2]
 HUD acquired the notes, deeds of trust and security agreements concerning the Mansion House properties by assignment from private lenders in 1972 after the Owner-Partnerships defaulted on HUD insured loans
 
 
 [3]
 As explained in the district court's opinion, Mansion House Center Land Redevelopment Corporation is not, and has not, been a party to this action or to any other Mansion House litigation in federal court