Kirk **KIMMEL** and Carolyn Kimmel, Individually and as Guardians and Next Friends of Logan Kimmel, a minor, Plaintiffs-Appellants,

v.

**TEXAS COMMERCE BANK,** Trustee of the Group Medical Plan for Employees of Houston Industries, Inc., Houston Lighting & Power Co., Primary Fuels, Inc., and Utility Fuels, Inc., and Compensation and Benefits Committee of Houston Industries Incorporated, Plan Administrators of Group Medical Plan for Employees of Houston Industries, Inc., Houston Lighting & Power Co., Primary Fuels, Inc., and Utility Fuels, Inc., Defendants-Appellees.

No. 86–2449.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 20, 1987.

Decided April 27, 1987.

Rehearing and Rehearing En Banc Denied June 25, 1987.

Mark D. DeBofsky, DeBofsky & DeBofsky, Chicago, Ill., for plaintiffs-appellants.

William I. Covey, Heyl, Royster, Voelker & Allen, Peoria, Ill., for defendants-appellees.

Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

The district court dismissed Kirk and Carolyn Kimmel's ERISA claim as barred by the doctrine of res judicata, and the Kimmels appealed. We affirm the district court's judgment.

## I.

On September 11, 1984, the Kimmels filed a diversity action in the United States District Court for the Central District of Illinois against Kirk Kimmel's employer, Houston Lighting and Power Company, and against Bankers Life and Casualty Company. Their complaint, which was founded on breach of contract, alleged that in January of 1981 doctors at the University of Illinois Medical Center had diagnosed their son, Logan, as having a bowel disorder, and that as a result of this diagnosis the Kimmels had incurred substantial medical and hospital expenses. The Kimmels further alleged that, although these expenses fell within the coverage of the medical plan provided for them by Houston Lighting and Power Company, the defendants had refused to reimburse them for these expenses.

Houston Lighting responded to this complaint by filing a motion to dismiss for want of personal jurisdiction. However, before the Kimmels responded to this motion, and without ruling on the motion, the district court entered an order, *sua sponte*, dismissing the case for lack of prosecution.

The Kimmels did not challenge this dismissal.

On April 25, 1986, eighteen months later, the Kimmels filed suit in the United States District Court for the Northern District of Illinois, naming as defendants Houston Lighting and the trustee and administrators of Houston Lighting's medical benefits plan. In the new complaint, the Kimmels again sought reimbursement for their son's medical expenses, but this time they founded their claim on the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1982 & Supp.1985). The defendants moved to dismiss this second complaint on the grounds of improper venue, res judicata, and the ERISA statute of limitations. The district court dismissed the complaint as barred by res judicata, and the Kimmels appealed.

## II.

"In order for the doctrine of res judicata to apply there must be (1) a final judgment on the merits, (2) an identity of the cause of action between the two actions, and (3) an identity of parties or their privies in the two actions." *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 688 (7th Cir.1986) (en banc). We will assume (without deciding the matter) that the second two elements of res judicata are satisfied in this case, because the Kimmels' sole argument on appeal is that there was no final judgment on the merits in the first suit.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court, upon a defendant's motion, to dismiss an action for failure to prosecute. The rule provides that unless the court in its dismissal order states otherwise, "a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." When the district court dismissed the Kimmels' first complaint without stating whether the dismissal was on the merits,

that dismissal became a final judgment on the merits under Rule 41(b).[1]

The Kimmels reject this conclusion, arguing that their first suit fell under the Rule 41(b) exception for suits dismissed for lack of jurisdiction. They call our attention to *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). In *Costello*, the first action to revoke the defendant's citizenship was dismissed because an affidavit of good cause—a prerequisite to the initiation of denaturalization proceedings—had not been filed with the complaint. The Supreme Court held that the dismissal of the first action was not on the merits, because the Rule 41(b) jurisdictional exception extends to "those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." *Id.* at 285, 81 S.Ct. at 544.

*Costello*, however, does not help the Kimmels. There was no unfulfilled precondition in their first action that prevented the court's consideration of the substance of the Kimmels' claim. Moreover, in *Costello* the Court explicitly distinguished dismissals for failure to prosecute, stating that such dismissals properly operate as adjudications on the merits because they "primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them." *Id.* at 286, 81 S.Ct. at 545. The Kimmels' second complaint is, therefore, barred by the doctrine of res judicata.

AFFIRMED.

---

**1.** Although the authority of a court to dismiss an action *sua sponte* for want of prosecution stems from the court's inherent power to control its docket rather than from Rule 41(b), *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962), Rule 41(b) nevertheless controls the question of whether the dismissal is on the merits, because a *sua sponte* dismissal constitutes a "dismissal not provided for in [the] rule." 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.14 at 41–195 (2d ed. 1986).