**Francine KLINGMAN,
Plaintiff–Appellee,**

v.

**Melvin E. LEVINSON,
Defendant–Appellant.**

No. 88–2437.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 22, 1989.
Decided June 28, 1989.

Melvin E. Levinson, Wilmette, Ill., for defendant-appellant.

Lionel I. Brazen, Chicago, Ill., for plaintiff-appellee.

Before WOOD, Jr., and MANION, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

The question posed in this appeal is whether the bankruptcy judge had authority to enter an order correcting (or amending, depending on one's viewpoint) a judgment it had earlier entered in the same case, a judgment more than a year and a half old which had been affirmed by the district court and court of appeals.

The roots of this case go back almost twenty years. In 1970, Francine Klingman sued Melvin Levinson, a lawyer, in the Circuit Court of Cook County claiming that Mr. Levinson had misappropriated the assets of a trust of which Ms. Klingman was the beneficiary. Ms. Klingman and Mr. Levinson eventually reached a settlement, and the court entered an Agreed Judgment Order on April 11, 1975. In the Agreed Order, Mr. Levinson admitted to having violated his fiduciary duties as trustee in various ways, and judgment was entered in favor of Ms. Klingman and against Mr. Levinson for the following amounts:

(a) $37,550.00, representing the amount of the trust fund;

(b) $14,550.00, representing 5% interest on the $37,550.00 from July 17, 1967 to the date of the agreed order, April 11, 1975; and

(c) $10,000.00 attorneys' fees pursuant to the parties' stipulation.

The Agreed Order also stated that Mr. Levinson

has stipulated that it is his intention that the obligation to Plaintiff [Ms. Klingman] created by this Agreed Judgment Order not be dischargeable in any bankruptcy or similar proceeding, and that in any subsequent proceeding all of the allegations of the Complaint and findings of this Court may be taken as true and correct without further proof.

Mr. Levinson filed for bankruptcy under Chapter 7 of the Bankruptcy Code on April 22, 1982. Apparently his debt to Ms. Klingman remained unpaid, for she asked the bankruptcy court to declare that the debt created by the Agreed Order was nondischargeable under 11 U.S.C. § 523(a)(4) as one resulting from "fraud or defalcation while acting in a fiduciary capacity." Mr. Levinson contested Ms. Klingman's motion, claiming that public policy prohibits the waiving of nondischargeability in advance of a debtor's bankruptcy proceeding, and that *res judicata* and collateral estoppel did not preclude relitigating the question whether he had in fact defrauded Ms. Klingman.

The bankruptcy court held that public policy did prevent Mr. Levinson's waiver from being effective, but held that because of the factual findings contained in the Agreed Order, Mr. Levinson was "barred by the principle of collateral estoppel from relitigating the issue of whether his debt is nondischargeable based on fiduciary fraud or defalcation," and granted the plaintiff's motion for summary judgment. *In re Levinson*, 58 B.R. 831, 837 (Bankr.N.D.Ill. 1986).

The conclusion of the opinion stated that "[t]he plaintiff's claim against the debtor for $37,550 is nondischargeable under § 523(a)(4). The plaintiff is entitled to interest on that amount from the date the debtor filed his bankruptcy petition and may recover attorneys' fees awarded in paragraph 7 of the state court order." *Id.* The judgment that was entered tracked this language. The issue before us arises from implications allegedly resulting from the opinion's specific references to interest accruing after the filing of the bankruptcy petition, and to attorneys' fees, and from its silence as to the interest included in the state judgment and the interest which accrued on the state judgment until the filing of the petition. Mr. Levinson now argues that the failure to mention pre-petition interest in the 1986 bankruptcy judgment allowed his liability for those amounts to be discharged.

The district court affirmed the bankruptcy court judgment, without mentioning the question of the dischargeability of the pre-petition interest. *Klingman v. Levinson*, 66 B.R. 548 (N.D.Ill.1986). This court affirmed the judgment of the district court, addressing the subjects of collateral estop-

pel, the dischargeability of attorneys' fees, and the effect of Mr. Levinson's stipulation as to the nondischargeability of the debt. *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987). In a footnote, we commented on Mr. Levinson's assertion concerning interest:

> Mr. Levinson also states in his brief that "[t]he bankruptcy judge expunged the interest but retained the attorneys' fees." There is no support in the record for such an assertion. In fact, as Mr. Levinson acknowledges in his reply brief, the bankruptcy court decided that "[t]he plaintiff is entitled to interest on [the amount of $37,550] from the date the debtor filed his bankruptcy petition." In his reply brief, he also appears to suggest—albeit opaquely—that, since the bankruptcy court did not specifically hold that the interest awarded in the settlement agreement was nondischargeable, it is discharged. While we see no merit in such an argument, *see In re Hunter*, 771 F.2d 1126, 1131 (8th Cir.1985), we need not specifically address the issue since it was not raised in Mr. Levinson's opening brief. Mr. Levinson makes no further argument with respect to either the interest awarded by the settlement agreement or the interest awarded by the bankruptcy court. Accordingly, the bankruptcy court's award of interest to Ms. Klingman remains undisturbed.

*Id.* at 1297 n. 4 (citations omitted).

After our mandate issued, Ms. Klingman filed a motion with the bankrupt-cy court to conform its judgment to our opinion, "in order to dispel any notion that this Bankruptcy Court impliedly discharged the $14,550.00 interest award contained in the Chancery Court's order of April 11, 1975 or statutory interest accruing on that judgment subsequent to April 11, 1975." Judge Ginsberg reopened the adversary proceeding, and claiming authority under FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6), granted Ms. Klingman's motion, ordering that the state judgment, including interest awarded therein, with interest on the judgment from date of entry to satisfaction, is nondischargeable.[1] The district court affirmed Judge Ginsberg's authority to enter the order on the basis of the equitable powers granted bankruptcy courts by 11 U.S.C. § 105(a).[2] We agree with the view of the bankruptcy judge and district court that Judge Ginsberg originally intended to declare the entire state court judgment debt non-dischargeable, along with interest thereon, both pre- and post-petition. We consider, however, Rule 60(a) as the appropriate source of authority for corrective action.[3]

Rule 60(a) allows for a court which has entered a judgment to correct at any time "clerical mistakes ... and errors therein arising from oversight or omission ... of its own initiative or on the motion of any party...."[4] Whether 60(a) is available depends upon whether the judgment said what the judge actually meant: "[i]f the

---

1. Bankruptcy Rule 9024 makes Rule 60 applicable, with exceptions not relevant here, to bankruptcy proceeding. Rule 60(b)(6) allows a court, "on motion and upon such terms as are just," to "relieve a party or a party's legal representative from a final judgment" for "any ... reason justifying relief from the operation of the judgment," if the motion is made within a reasonable time.

2. 11 U.S.C § 105(a) provides in part that the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the bankruptcy code]."

3. A reviewing court can affirm a judgment on any ground, if the record discloses a fair basis for doing so. *Ashland Oil, Inc. v. Arnett*, 875 F.2d 1271, 1284–85 (7th Cir.1989); *Haroco, Inc. v. American Nat. B. & T. Co. of Chicago*, 747 F.2d 384, 399 (7th Cir.1984) *aff'd*, 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). At oral argument, in response to questions by a member of this panel, Ms. Klingman's counsel stated that he had "not considered" the application of Rule 60(a) but was relying on Judge Ginsberg's rationale in defending the appeal. We do not consider his answers to be a denial of the applicability of Rule 60(a).

4. Rule 60(a) reads in full:
   *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate

flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, then the parties must seek another means of authority to correct the mistake." *United States v. Griffin*, 782 F.2d 1393, 1396 (7th Cir.1986). See also, *e.g.*, *Panama Processes, S.A. v. Cities Service Co.*, 789 F.2d 991, 994–95 (2d Cir.1986); *Allied Materials Corp. v. Superior Products Co.*, 620 F.2d 224, 226 (10th Cir.1980).

■ The scope of Rule 60(a) is not limited to "clerical mistakes" in judgments; it also covers errors therein arising from "oversight or omission." Indeed, a paradigm Rule 60(a) case is one where the court entering judgment has omitted reference to interest on a damage award. If there is no contest that the prevailing party is entitled to interest as a matter of law, the rule allows amendment to include interest, *see Hegger v. Green*, 91 F.R.D. 595 (S.D.N.Y. 1981); if the award is discretionary, as is often the case with prejudgment interest, Rule 60(a) is available if the court originally intended to award prejudgment interest, but failed to do so. See, *e.g., In re Frigitemp Corp.*, 781 F.2d 324, 327–28 (2d Cir. 1986); *Morgan Guaranty Trust Co., etc. v. Third Nat. Bank*, 545 F.2d 758 (1st Cir. 1976); James Wm. Moore, Jo Desha Lucas, George J. Grotheer, Jr., 6A MOORE'S FEDERAL PRACTICE ¶ 60.06[4] (1987). This court's earlier statement that Rule 60(a) applies "only to an error of transcription, copying, or calculation," *Bershad v. McDonough*, 469 F.2d 1333, 1336 (7th Cir.1972), seems focussed on "clerical mistakes" but should not be interpreted as restricting its operation to them, contrary to the terms of the Rule. In *Bershad*, a party was seeking a change in the amount of a money judgment entered against him, a judgment which reflected the recovery of short-swing profits from sales of shares of stock. The party

claimed to have belatedly discovered that some shares were not sold for profit. Rule 60(a) was unavailable because the party was attempting to correct its own "fundamental failure of discovery," not the judgment's failure to reflect the actual intention of the court. *Id.* at 1335–36.

■ Mr. Levinson argues that if Judge Ginsberg's failure to mention explicitly the two elements of pre-petition interest was a mistake, it can only be remedied by Rule 60(b)(1), which allows a court to give relief from judgment due to "mistake, inadvertance, surprise, or excusable neglect." Since Ms. Klingman did not bring her motion within Rule 60(b)(1)'s one-year time limit, Mr. Levinson claims no relief is available. There is some question as to the scope of relief available under Rule 60(b) for mistakes made by the court, rather than by the parties or counsel, *see* 7 MOORE'S FEDERAL PRACTICE ¶ 60.22[3], but while Rule 60(b)(1) may overlap Rule 60(a) to the extent it allows for corrections of judicial clerical errors or those of oversight or omission, to say that Rule 60(b)(1) is the *exclusive* remedy for such mistakes would leave Rule 60(a) meaningless.

In deciding whether the bankruptcy judge intended to hold the entire state judgment debt with interest thereon nondischargeable, we look for evidence of his contemporaneous intent to do so, as shown in the record. *Panama Processes, S.A.*, 789 F.2d at 995 (citing cases). We agree with the district court that "[e]ven a cursory reading of the opinion accompanying the Summary Judgment Order reveals that the court held that the Agreed Order *in its entirety* is nondischargeable." [5] But since we affirm the district court's decision on grounds not fully briefed by the parties, we discuss at some length why it is unreasonable to draw any inference from the bankruptcy court's 1986 order other than an intent to hold all of the 1975 judgment, plus

---

court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

**5.** Mr. Levinson does not seriously contest this conclusion in his brief. In fact, in arguing that this case involves a "mistake" which can only be remedied by Rule 60(b)(1), he argues at some

length that "the Bankruptcy Court itself recognized that it 'accidentally or unintentionally' made an 'error' in its judgment because it left out the $14,550.00 in prepetition interest and failed to provide for interest from April 11, 1975 to April 22, 1982." (Appellant's Brief at 19.)

interest from the date of the Agreed Order, non-dischargeable.

The only possible source of an inference that Judge Ginsberg intended to hold all pre-petition interest dischargeable is the part of the opinion's concluding paragraph which we italicize:

> This Court finds that the debtor is barred by the principle of collateral estoppel from relitigating the issue of whether his debt is nondischargeable based on fiduciary fraud or defalcation. Consequently, the plaintiff's motion for summary judgment is granted because there are no genuine issues of material fact. *See* Fed.R.Civ.P. 56(c); Bankruptcy Rule 7056. The plaintiff's claim against the debtor for $37,550 is nondischargeable under § 523(a)(4). *The plaintiff is entitled to interest on that amount from the date the debtor filed his bankruptcy petition [n. 6] and may recover attorneys' fees awarded in paragraph 7 of the state court's order. [n. 7]*

58 B.R. at 837 (content of footnotes omitted).

Mr. Levinson would have us believe that by mentioning the amount of $37,550, the post-petition interest thereon, and the attorneys' fees included in the judgment-debt, Judge Ginsberg intended to hold those elements *not* mentioned—the interest included in the state court judgment, interest on the judgment from the date of entry to the date of the petition, and post-petition interest on the parts of the state court judgment other than the $37,550—dischargeable, even though he stated no reason for so holding. We conclude that a fair reading of his opinion can support no inference other than the judge's contemporaneous intention to hold the *entire* state judgment, with interest, nondischargeable.

The record indicates the reason for particular mention of attorneys' fees and post-petition interest; thus, such mention does not support an inference of an intent to hold dischargeable other elements of the debt not mentioned. There was a dispute, renewed on appeal, over whether the attorney's fees contained in the state judgment were dischargeable, and Judge Ginsberg was resolving the issue. See *In re Levinson*, 58 B.R. at 837 & n. 7. Likewise, in explicitly allowing post-petition interest, Judge Ginsberg merely was answering the argument, raised and rejected in the two cases he cited in footnote 6, that interest on the underlying debt would stop accruing on the day the bankruptcy petition was filed. *Id.* at 837 & n. 6.

All that remains from which to infer an intent to discharge pre-petition interest is the specific reference that "[t]he plaintiff's claim against the debtor for $37,550 is nondischargeable under § 532(a)(4)" and that post-petition interest was awarded "on that amount." The rest of the opinion, however, makes it clear that Judge Ginsberg intended the *whole* debt represented by the Agreed Order to be nondischargeable.

The opinion's first paragraph states that the "plaintiff claims that *the debt* owed her, which is *embodied in an agreed state court order*, is nondischargeable" (emphasis added). The opinion contains the entire text of the Agreed Order, which specifically includes the $14,550.00 pre-judgment interest. 58 B.R. at 832–33. The opinion consistently refers to "the debt" without distinguishing among the three elements until the final paragraph, where, as explained, the judge deals with two specifically argued issues. No issue had been made of the dischargeability of the pre-judgment interest portion of the agreed judgment, and the opinion contains no indication of why that $14,550 would be treated any differently from the rest of the Agreed Order. Nor is there any indication why pre-petition interest accruing under Illinois law from the date of the 1975 state judgment [6] would not be held nondischargeable. Such a decision would be contrary to established precedent (cited by Judge Ginsberg to support his grant of post-petition interest) which holds that ancillary debts like

---

6. Post-judgment interest is available in Illinois as a matter of course. Ill.Rev.Stat. ch. 110,

¶ 2–1303 (1982), *as amended.*

interest are nondischargeable if the primary obligation is nondischargeable. *In re Oxford Investment Company,* 246 F.Supp. 651, 653 (S.D.Cal.1965). See *Bruning v. United States,* 376 U.S. 358, 360, 84 S.Ct. 906, 907, 11 L.Ed.2d 772 (1964). A *deliberate* decision to hold such pre-petition interest dischargeable would not be an error which Rule 60(a) could redress, but there is no indication that Judge Ginsberg intended to do so.

This interpretation accords with the view of the bankruptcy court judgment taken by both courts which affirmed it. The district court stated that the agreement between Mr. Levinson and Ms. Klingman "resulted in a consent judgment pursuant to which Levinson was to refund the $37,550 plus interest and pay $10,000 in attorneys' fees to Klingman" and that "Judge Ginsberg ruled that the *judgement-debt* could not be discharged in bankruptcy." *Klingman,* 66 B.R. at 550 (emphasis added). Similarly, the language of this court's opinion (besides the plain comment in footnote 4 that Mr. Levinson's present argument has "no merit" and is unsupported in the record) makes obvious this court's understanding that it is the 1975 consent judgment, rather than just the $37,550 and attorneys' fees, which had been held non-dischargeable. See *Klingman,* 831 F.2d at 1293 ("The bankruptcy court held that *the judgment* was nondischargeable and the district court affirmed....") and at 1297 ("We ... agree with both courts that the appellee established that the debt was not dischargeable and that the appellee is entitled to recover ancillary attorneys' fees *and interest.*") (emphasis added).

And, while we primarily look for objective evidence in the record for evidence of intent, we need not ignore explanations given at the time of correction by the judge who rendered the original judgment. In granting Ms. Klingman's motion, Judge Ginsberg said

[w]hile the decision does not appear to [hold pre-petition interest nondischargeable] in *haec verba,* it is impossible to imply from the decision that such pre-petition interest was discharged. The law is clearly contrary, and the Court intended to so hold by deciding [sic] *Bruning v. United States,* 376 U.S. 358 [84 S.Ct. 906].... *In re Oxford Investment Company,* 246 Fed.Supp. 651 also cit[ed] in the March 18, 1986, decision is to the same effect. Reference to *Bruning* and *Oxford* make the intention of the Court in his March 18, 1986, decision clear.

 Our affirmance of the 1986 bankruptcy court judgment does not bar relief under Rule 60(a). The rule allows for amendments "at any time." So long as the court truly is correcting an error which falls within the scope of the rule, and so "long as the appellate court has not expressly or implicitly ruled on the issue, the district court has not transgressed any jurisdictional boundaries by amending after an appeal has been taken." *Panama Processes, S.A.,* 789 F.2d at 994.[7] As we noted, and as Mr. Levinson continually reiterates in his brief, our first opinion expressly did not pass on the issue of the dischargeability of the pre-petition interest, so the bankruptcy judge was within his power to correct the judgment.

The district court's judgment, affirming the bankruptcy court's amended judgment, which now holds nondischargeable the entire state court judgment of April 11, 1975 (including the $14,550 interest), and which holds non-dischargeable statutory interest accruing under ILL.REV.STAT. ch. 110, ¶ 2–1303 (1982), *as amended,* from April 11, 1975 through the date of satisfaction of the state judgment, is AFFIRMED.

---

7. See also *U.S. v. Mansion House Center North Redevelopment Co.,* 855 F.2d 524, 527 (8th Cir. 1988); *Dura–Wood Treating Co. v. Century Forest Industries, Inc.,* 694 F.2d 112, 114 (5th Cir. 1982); *Cannon v. Loyola University of Chicago,* 116 F.R.D. 243, 244 (N.D.Ill.1987); 6A MOORE'S FEDERAL PRACTICE ¶ 60.08[3] (1987 and 1988–89 Supp.); 11 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2856 at 157 (1973). *Cf. Elias v. Ford Motor Co.,* 734 F.2d 463, 465 (1st Cir.1984).