**Carol LeBEAU, Plaintiff–Appellant,**

v.

**TACO BELL, INC., Defendant–Appellee.**

No. 88–3521.

United States Court of Appeals, Seventh Circuit.

Argued June 9, 1989.

Decided Dec. 27, 1989.

Richard H. Balog, St. Charles, Ill., for plaintiff-appellant.

David A. Stall, Stall & Girardi, Chicago, Ill., for defendant-appellee.

Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

The plaintiff has appealed from an order making explicit what was previously implicit: that an earlier order dismissing her case dismissed it with prejudice. The plaintiff now attempts, in effect, to argue that the earlier order dismissing her case was an abuse of discretion. She must lose, because we have no jurisdiction to consider the merits of the earlier order, and because the later order was correct.

The plaintiff, Carol LeBeau, first filed this lawsuit in an Illinois court, claiming that she had suffered over $15,000 in damages on account of biting a foreign object in food prepared by the defendant, Taco Bell, Inc. Taco Bell removed the case to federal court under the district court's diversity jurisdiction on March 25, 1988. The district court set the case for a status call on April 22, 1988, but Ms. LeBeau's attorney failed to appear, thinking that because he did not oppose Taco Bell's pending motion for extension of time to file an answer, there was no reason to attend. Ms. LeBeau's attorney also didn't show up for a second status date on June 3, 1988,

this time because of his scheduling error. Judge Duff, noting that this was the second time no one had appeared for the plaintiff, *sua sponte* dismissed the case for want of prosecution, commenting to defense counsel, "[l]et's see if that gets his attention." The court entered a minute order that day which reads "Plaintiff failed to appear. For the reasons stated in open court, cause dismissed for want of prosecution." Because the judgment did not otherwise state, the dismissal was on the merits—with prejudice. Federal Rule of Civil Procedure 41(b);[1] *Kimmel v. Texas Commerce Bank,* 817 F.2d 39, 40–41 (7th Cir. 1987).

Ms. LeBeau's attorney moved to vacate the dismissal (presumably under Federal Rule of Civil Procedure 60(b)), but failed to appear on the date the motion was scheduled to be heard because he was out of town attending a seminar. He sent in his stead an attorney unfamiliar with the case and unprepared to argue his motion, and the motion to vacate was denied on July 14, 1988. Another motion to vacate was scheduled for August 11, 1988, and Ms. LeBeau's attorney appeared for this one, but Judge Duff again denied the motion because Ms. LeBeau's attorney failed to present sufficient grounds to satisfy the district judge that reinstatement was proper.

No appeal was filed either from the dismissal or the denials of the motions to vacate. Instead, Ms. LeBeau's attorney simply refiled the case in state court, the complaint now carefully alleging less than $10,000 in damages. Taco Bell moved to dismiss the state court lawsuit as *res judicata,* arguing (correctly) that the dismissal for want of prosecution in federal court was with prejudice, and thus a binding adjudication on the merits. See *Blaszczak v. City of Palos Hills,* 123 Ill.App.3d 699, 463 N.E.2d 762, 764 (1984); *Kimmel,* 817 F.2d at 40–41. The state court judge, however, denied Taco Bell's motion. The judge was unsure from the face of the dismissal order whether or not it was with prejudice, and apparently thought Federal Rule of Civil Procedure 41(b) does not apply to a case which had not yet been set for trial.

Taco Bell then went back to federal court, and filed a "Motion for Elaboration Upon Order," asking Judge Duff to enter an order *nunc pro tunc* specifying that his June 3, 1988 dismissal was with prejudice. After hearing argument, on December 1, 1988 Judge Duff entered an order stating that

> pursuant to the original intent of this Court, the words in brackets shall be added to the order of June 3, 1988, *nunc pro tunc* said date,
>
> PLAINTIFF FAILED TO APPEAR. FOR THE REASONS STATED IN OPEN COURT, CAUSE DISMISSED FOR WANT OF PROSECUTION
>
> [.... with prejudice under Rule 41b of the Federal Rules of Civil Procedure for plaintiffs failure to appear for status as required by General Rule 21 of this Court.]

Ms. LeBeau appeals from this order.

■ Because no appeal was taken from the dismissal order or the denial of the motions to vacate, what may have been Ms. LeBeau's strongest argument has been forfeited. Her brief complains that it was an abuse of discretion to dismiss her case because of her attorney's lapses, but we do

---

**1.** Rule 41(b) provides in relevant part

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

District courts may dismiss cases *sua sponte* for want of prosecution, subject to review for abuse of discretion. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–90, 8 L.Ed.2d 734 (1962); *Schilling v. Walworth County Park & Planning Com'n,* 805 F.2d 272, 275 (7th Cir.1986). General Rule 21(b) for the Northern District of Illinois states that "An order of dismissal for want of prosecution or an order of default may be entered if counsel fails to respond to a call of the case set by order of court."

not have jurisdiction to address this issue. The appeal was taken from the December 1, 1988 order. It was, of course, far too late to appeal from the June 3 order. The time limits for filing an appeal are "mandatory and jurisdictional." *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

■ At oral argument, Ms. LeBeau's attorney suggested that because the December 1, 1988 order adding language to the June 3, 1988 dismissal order was *nunc pro tunc* June 3, this brings the merits of the earlier decision before us. However, an appeal from an order amending an earlier judgment does not independently bring before us the merits of the original decision. *Hough v. Local 134, IBEW*, 867 F.2d 1018, 1021–22 (7th Cir.1989); *McKnight v. United States Steel Corp.*, 726 F.2d 333, 335 (7th Cir.1984). Otherwise, parties could defeat the 30–day time limit in FRAP 4(a) by using a Rule 60 motion to reopen the merits of a decision after the time to appeal has passed. The only question before us is the propriety of the December 1, 1988 order.

In this case, the question is academic. If we were to vacate the December 1, 1988 order, Ms. LeBeau would be no better off than if we affirm it. Rule 41(b) requires reading the June 3, 1988 dismissal as an adjudication on the merits, because it did not specify otherwise. Although Rule 41(b) is located in the "Trials" section of the Federal Rules of Civil Procedure, it includes dismissals which could occur well before trial—such as dismissals "[f]or failure ... to comply with these rules or of any order of court"—and by its terms applies (with exceptions not relevant here) to "any dismissal not provided for in this rule."

■ Rule 41(b) puts the burden on the plaintiff to take action—to persuade the district court either to specify that a dismissal is without prejudice, or to vacate the dismissal. Failing that, the plaintiff's recourse is to appeal. *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir.1971). If the plaintiff thought that Judge Duff had intended to dismiss without prejudice, but that the minute order failed to reflect this, she should have sought modification of the order under Rule 60(a), which allows for orders to be conformed to the original intent of the judge who entered them. See, *e.g., Klingman v. Levinson*, 877 F.2d 1357, 1360–61 (7th Cir.1989); *United States v. Griffin*, 782 F.2d 1393, 1396 (7th Cir.1986).

Taco Bell started the instant proceeding by a motion which, in effect, asked the district court to make explicit that its previous order was a dismissal with prejudice. As already noted, if Ms. LeBeau believed that Judge Duff intended to have made the June dismissal without prejudice yet inadvertently failed to say so in the order, she could have asked the court to correct the order under Rule 60(a). She did not do so, yet part of her argument on appeal is that it is "abundantly clear" from the record that Judge Duff intended a dismissal without prejudice.

There is no compelling evidence supporting the claim that Judge Duff actually intended the dismissal to be without prejudice. First, the only contemporaneous evidence of Judge Duff's intention other than the minute order itself is his comment as he dismissed the case—"Let's see if that gets his attention." This *does* imply that something will happen subsequent to the dismissal, but it *doesn't* indicate whether the dismissal was with or without prejudice. It could mean either that the plaintiff was free to refile, subject to statute of limitation pressures, or, more likely, that she would have to convince the district judge to vacate the dismissal in order to revive her lawsuit.

During argument on Taco Bell's motion to clarify the dismissal order, Judge Duff explained his original intention as follows:

Now, at that time I said: "This is the second time the plaintiff hasn't shown up and so we are going to throw it out," and my words were: "Maybe that will get their attention."

Now, that suggests it's not a final order because that says, you know, twice they have blown it, but if they really care about this case they can come in here

and I'll vacate that dismissal for want of prosecution. That's the way you use it after awhile. . . .

Initially, I would have to say it was not my intention to make that a final order if they came in and legitimately moved to reinstate the case, but they never did. . . . They never came back and had that order dismissed. So that order has to be [final] because you're way past any 60(b) time, you're way past any reinstitution time, you're way past any time in the world, that order has to be a final order on the merits. . . .

[The state court] misinterpreted. My order was a final order. I entered an order and gave you an opportunity to come in and vacate it. I not only gave you one opportunity, I gave you two opportunities. On neither occasion did you do it adequately.

■ Although Judge Duff said he did not originally intend the dismissal to be "final," this does not necessarily mean he intended it to be without prejudice. Under some circumstances, a dismissal without prejudice can be "final," in the sense of an appealable order. *Ordower v. Feldman*, 826 F.2d 1569, 1572 (7th Cir.1987). Perhaps Judge Duff meant "not final" as "without prejudice," but this seems unlikely, since he *did* make it clear that he was expecting the plaintiff to seek his permission before reinstating the case, which would not have been necessary had the dismissal been without prejudice. Most likely, his statement about the finality of the dismissal meant that he would readily vacate the dismissal order, if the plaintiff gave reasons for doing so.

After the case was dismissed both the plaintiff's and Judge Duff's actions were consonant with a belief that the dismissal was with prejudice: the plaintiff moved for Judge Duff to vacate his dismissal order instead of refiling, and the judge, denying the motion twice, never suggested that the plaintiff simply refile her complaint, even though the statute of limitations had not run.[2] (The plaintiff's later switch to state court does not show he believed the dismissal to be without prejudice, since it came only after Judge Duff twice denied motions to vacate the dismissal.)

■ The plaintiff offers no other evidence to show that Judge Duff intended the dismissal to be without prejudice. In the absence of a strong showing to the contrary, we will assume that an order accurately reflects the intent of the judge that entered it. *Cf. Klingman*, 877 F.2d at 1362 (where a bankruptcy judge intended to hold an entire money judgment nondischargeable, including interest, but failed to mention interest in the judgment in the order, correction to include it was proper).

■ The plaintiff also argues that the district court improperly used a *nunc pro tunc* order to alter the substance of his original decision. See *United States v. Taylor*, 841 F.2d 1300, 1308–09 (7th Cir.), *cert. denied sub nom Rosenstein v. United States*, —— U.S. ——, 108 S.Ct. 2904, 101 L.Ed.2d 937 (1988) (citing *King v. Ionization Intern., Inc.*, 825 F.2d 1180, 1188 (7th Cir.1987)). Because the dismissal was originally with prejudice, the December order made explicit what was already implicit in the June order, and did not change its effect.[3]

**2.** The complaint alleges that Ms. LeBeau was injured April 16, 1987. It advances three theories of liability—breach of warranty, negligence and products liability—none of which were time-barred in June, 1988. See Ill.Rev.Stat. ch. 26, ¶ 2-725, ch. 110, ¶¶ 13–202, 13–213.

**3.** The use of *nunc pro tunc* orders to correct ministerial errors has been largely replaced by Rule 60(a), which allows a court to correct "at any time" "clerical mistakes" or "errors arising from oversight or omission" in orders, judgments, and the record. Rule 60(a) is routinely used to conform judgments to the actual intent of the judge entering them. See, *e.g., Klingman*,

877 F.2d at 1360–61. Taco Bell defends the December 1, 1988 order as a proper exercise of Rule 60(a) authority, but it doesn't claim the June 3 order contains an error—only that it is "unclear" as to whether the dismissal was with prejudice, since it does not explicitly say so. Perhaps this could be considered an "oversight or omission" within the scope of Rule 60(a) (even though Rule 41(b) is there to fill the void), but we need not decide. District courts have inherent authority to enter *nunc pro tunc* orders to show what was actually done but not properly or adequately recorded. See, *e.g. Taylor*, 841 F.2d at 1308; *Cairns v. Richardson*, 457 F.2d

Plaintiff argues that dismissing a case on the merits for want of prosecution is a harsh punishment which may punish the client when the lawyer is at fault. We note that this circuit requires that before a judge dismisses a case for failure to prosecute, he or she first decide whether other less severe sanctions are available, see, *e.g., Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir.1987); *Schilling*, 805 F.2d at 277–78, and consider providing an opportunity to explain the delay. *Palmer v. City of Decatur, Ill.*, 814 F.2d 426, 429 (7th Cir.1987); *Schilling*, 805 F.2d at 277. Under the circumstances of this case, however, we cannot and do not reach the issue whether there was an abuse of discretion in the June dismissal.

The order is AFFIRMED.

See also 140 Ill.App.3d 480, 94 Ill.Dec. 835, 488 N.E.2d 1082 and 115 Ill.2d 369, 105 Ill.Dec. 227, 504 N.E.2d 96.

1145, 1149 (10th Cir.1972); *Matthies v. Railroad Retirement Board*, 341 F.2d 243, 246 (8th Cir. 1965). Here Rule 41(b) operated to make the June 1 dismissal order a dismissal on the merits, and therefore with prejudice. One might argue that the December 11 order merely added surplusage, and accomplished nothing. There was, however, a dispute over the application of Rule 41, as evidenced by the ruling of the state court judge, and so there was a sufficient controversy to avoid mootness before the district judge and on appeal.

