**Michael S. POZSGAY and William G. Crawford, Plaintiffs–Appellees,**

v.

**SOUTHWESTERN ILLINOIS HEALTH FACILITIES, INC., doing business as Anderson Hospital, Defendant–Appellant.**

No. 90–1629.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 10, 1991.

Decided Feb. 5, 1991.

Paul G. Gebhard, Douglas J. Polk, Neal A. Crowley, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., Terry N. Brown, Boatmen's Nat. Bank, Belleville, Ill., for plaintiffs-appellees.

Gary Mayes, Conny D. Beatty, Thompson & Mitchell, St. Louis, Mo., John T. Bomher, Daniel J. Mulvanny, Naperville, Ill., for defendant-appellant.

Before CUDAHY and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

Anderson Hospital, a 140–bed acute care facility near Maryville, Illinois, awarded an exclusive contract to a group of radiologists in 1988. Michael Pozsgay and Wil-

liam Crawford, two radiologists practicing there, protested the loss of their right to perform medical services. They filed this suit under the diversity jurisdiction, seeking not only an injunction allowing them to continue practicing but also damages flowing from their exclusion. The district judge held that Anderson Hospital's bylaws entitled the physicians to a hearing; after the Hospital furnished this hearing, the judge dissolved his interlocutory injunction that had allowed Pozsgay and Crawford to continue serving the hospital's patients.

While the court had under advisement the Hospital's motion to vacate the preliminary injunction in light of the outcome of the hearing, Pozsgay and Crawford amended their complaint to delete any request for damages. After the definitive rebuff of their request for equitable relief, Pozsgay and Crawford asked the judge for leave to dismiss their complaint without prejudice, so that they could press their claims in a separate case they had filed in state court. Judge Stiehl refused and entered a final judgment dismissing the amended complaint with prejudice. On reconsideration, however, the court amended its judgment:

> Plaintiffs' cause of action is dismissed with prejudice as to any claims for injunctive relief arising out of defendant's actions in barring plaintiffs from using the radiology facilities at Anderson Hospital, and without prejudice as to any claim for monetary damages from defendant, its employees or agents, as said issue was not litigated or adjudicated in the present action.

1990 U.S.Dist.Lexis 3681. The Hospital asks us to reinstate the original judgment, arguing that damages and an injunction are different remedies for a single wrong, and that it is entitled to a final disposition of all remedial theories arising out of the events about which Pozsgay and Crawford complained. See *Restatement (2d) of Judgments* § 25, comment i(2) (1982).

Both sides argue as if we had for decision the preclusive effects of the judgment. Yet the state judge will decide what effect to give the federal judgment; if Illinois is content to allow perpetual litigation, that is within the state's province, subject to whatever relief may be available under 28 U.S.C. § 2283. Our only question is whether an involuntary dismissal, which under Fed.R.Civ.P. 41(b) is presumptively with prejudice, *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605 (7th Cir.1989), may be accomplished without prejudice to the extent the plaintiff gave up on some remedies. To this the answer must be no. Federal courts expect—in light of the volume of litigation, insist—that all theories of relief for a single wrong be presented in one case. *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589 (7th Cir.1986). If this dismissal is without prejudice, Pozsgay and Crawford may file a new suit in federal court demanding damages, a suit pre-authorized by the order under challenge. Loudly announcing that you plan to seek different kinds of relief in separate cases does not authorize the stratagem. Pozsgay and Crawford might as well have filed a "Notice of Intent to Split Claim". Had they done this expressly, the court surely would have denied them the second bite at the apple. *Wabash Valley Power Association, Inc. v. REA*, 903 F.2d 445, 456 (7th Cir.1990). Withdrawing a theory of relief should have the same effect.

Perhaps the district court confused issue preclusion (collateral estoppel), which applies only to questions actually and necessarily resolved in the first case, with claim preclusion (res judicata). At all events, preclusion is not now at issue. The district court disposed of all pending questions adversely to the plaintiffs and should have issued a judgment ending the case with prejudice. A plaintiff's withdrawal of one remedial theory from a complaint is no reason for the court to enter a judgment that invites the filing of a second suit to obtain the abandoned remedy.

REVERSED.