925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Florence BEVINS, Plaintiff-Appellant,
v.
H.P. HOOD, INCORPORATED, a Massachusetts corporation doing
business in Illinois, Defendant-Appellee.
 No. 90-2652.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 29, 1991.
Decided Feb. 25, 1991.
 
 Before WOOD, JR., FLAUM and MANION, Circuit Judges.
 
 ORDER
 I.
 
 1
 Appellant Florence Bevins appeals the dismissal of her ERISA action. The district court dismissed the action because it was a refiling of an earlier action which, according to the court, had been adjudicated.
 
 
 2
 The facts relevant to this appeal are clear.[1] The appellant filed an ERISA complaint, case number 90 C 790, on February 9, 1990. On February 12, 1990, District Court Judge Suzanne B. Conlon scheduled a status conference for March 14, 1990. Appellant's attorney contends that he had other obligations and attempted to reschedule the status conference (and in fact thought he had based on conversations with court personnel). On February 12, 1990, neither party appeared for the status conference, and Judge Conlon sua sponte dismissed the case for want of prosecution. Bevins' attorney filed a motion to vacate which was set for hearing on April 4, 1990. On April 4 the motion was "stricken for failure to serve notice upon defendant."[2] Bevins did not appeal the dismissal or the denial of the motion to vacate, but instead "elected" to refile the suit which was assigned case number 90 C 2833. Judge Conlon dismissed the suit "as a refiling of case 90 C 790 which has been adjudicated." Appellant filed a timely appeal of the dismissal of case No. 90 C 2833.
 
 II.
 
 3
 The parties agree that the issue on appeal is whether the dismissal of the first suit barred the filing of the second suit under the doctrine of res judicata.[3] Although not specifically cited by the district court, the dismissal of the case No. 90 C 790 was based on Federal Rule Civil Procedure 41(b). The pertinent part of Rule 41(b) provides:
 
 
 4
 Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
 
 
 5
 The Court's authority to dismiss an action sua sponte stems from its "inherent power to control its docket rather than from Rule 41(b)." Kimmel v. Texas Commerce Bank, 817 F.2d 39, 41 n. 1 (7th Cir.1987) (citing to Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962)).
 
 
 6
 Generally when this court reviews a dismissal under Rule 41(b), we look to see whether the dismissal constituted an abuse of discretion. "We note that this circuit requires that before a judge dismisses a case for failure to prosecute, he or she first must decide whether other less severe sanctions are available, (citations omitted), and consider providing an opportunity to explain the delay." LeBeau v. Taco Bell, 892 F.2d 605, 610 (7th Cir.1989). Appellant's suit was dismissed for her counsel's failure to show up at the first status conference, which counsel purportedly attempted to reschedule. It is not clear whether the district court gave the appellant an opportunity to explain or whether the court considered less severe sanctions. However, because Bevins did not appeal the first dismissal, we do not have jurisdiction to determine whether the district court abused its discretion in dismissing the first suit. Id. at 607-08.
 
 
 7
 Bevins argues that the district court's order in the first suit cannot be considered an adjudication on the merits. As such, the doctrine of res judicata is inapplicable. This court has held that, under Rule 41(b), when an order does not state that the dismissal is without prejudice, the dismissal is with prejudice, a final judgment on the merits. In both LeBeau and Kimmel v. Texas Commerce Bank, supra, we directly addressed the issue presented in this appeal and decided that the dismissal of a suit under Rule 41(b) for failure to prosecute is res judicata to subsequent filings of the same suit.
 
 
 8
 Any ambiguity in the district court's first order was clarified by the subsequent order dismissing the second suit as a refiling of an action that had already been adjudicated. That the court did not specify whether the dismissal was with or without prejudice in its original order is irrelevant. It was incumbent upon Bevins to take the appropriate action after the first suit was dismissed. The burden was on Bevins to file a motion asking the court "to specify that a dismissal is without prejudice, or to vacate the dismissal. Failing that, the plaintiff's recourse is to appeal." LeBeau, 892 F.2d at 608 (citing Rhinehart v. Locke, 454 F.2d 313, 315 (7th Cir.1971)).
 
 
 9
 It is apparent from the record that Bevins did file a motion for reconsideration, presumably pursuant to Federal Rule of Civil Procedure 60(b), after the court dismissed her original suit. However, the court did not consider the motion because notice of the motion was not given to the defendants. Bevins' proper recourse after the denial of that motion was to ensure that the defendants had been properly served and to file a motion to vacate the dismissal under Rule 60(b). Rule 60(b)(1) allows litigants to file a motion for relief from a final judgment within a reasonable time, not to exceed one year, for "mistake, inadvertence, surprise, or excusable neglect." Very likely, if Bevins had refiled the motion under Rule 60(b) for relief from final judgment, the district court would have given her an opportunity to argue mistake or excusable neglect based on the alleged representations from the court staff. Dismissal is usually a sanction of last, not first resort. In fact, it appears Bevins could still file that motion under case No. 90 C 790.
 
 
 10
 Bevins also argues that dismissal of the second suit is improper because it works a substantial harm to the plaintiff. While we agree that Bevins is harmed by her attorneys' failure to properly challenge or appeal the first dismissal, we cannot reverse the district court. Bevins' remedy was to appeal the trial court's dismissal of her first suit. Rule 41(b) and caselaw from this circuit clearly dictate that the dismissal is considered an adjudication on the merits barring the refiling of subsequent suits. For these reasons, the decision of the district is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This factual rendition is based on the facts in the parties' briefs and the record in case No. 90 C 2833. The record in case No. 90 C 790 is not before the court
 
 
 [2]
 It is not clear from the record before us whether the defendants had at this point been served with the original complaint. Apparently they had not received notice of the April 4 motion to vacate
 
 
 [3]
 Res judicata applies only when three conditions are present: "(1) a final judgment on the merits in a prior action; (2) the identity of the cause of action in both the prior and subsequent suits; and (3) the identity of parties or privies in these suits." Local 322, Allied Workers of America, AFL-CIO v. Johnson Controls, Inc., Globe Battery Division, No. 90-1259, slip op. at 3 (7th Cir. Jan. 11, 1991) (citations omitted). The parties only challenge the district court's decision that the dismissal of the first suit was a judgment on the merits. Therefore, we will not discuss the other elements of res judicata