BBCA, INC., Appellant,

John B. Ellering; James L. Noske, Intervenor Below,

Joan M. Noske, Intervenor Below,

v.

UNITED STATES of America, Appellee.

No. 91–1538.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1991.

Decided Jan. 24, 1992.

Rehearing and Rehearing En Banc Denied March 18, 1992.

---

**1430**

See also 733 F.Supp. 73.

George Hulstrand, Willmar, Minn., for appellant.

Edward Perelmuter, Dept. of Justice, Washington, D.C., for appellee.

Before JOHN R. GIBSON, MAGILL and BEAM, Circuit Judges.

MAGILL, Circuit Judge.

BBCA, Inc., (BBCA) appeals the district court's dismissal with prejudice of its quiet title action. BBCA argues that the district court abused its discretion by dismissing this action for abuse of discovery. Because BBCA failed to file a notice of appeal within sixty days of the district court's dismissal, as required by Federal Rule of Appellate Procedure 4(a)(1), this court lacks jurisdiction to review the dismissal.

### I.

The IRS filed tax liens on the real property of BBCA (a "church") for unpaid federal tax assessments made against Joan and James Noske. BBCA, seeking to have the liens lifted, brought an action to quiet title pursuant to 28 U.S.C. § 2410 (1988). The IRS defended, claiming that the liens were valid because BBCA was the alter ego of Joan and James Noske (Noskes). BBCA claimed that the IRS's alter ego theory was not a valid defense under Minnesota law. The district court rejected this argument and allowed the IRS to proceed with discovery on this theory of defense. To establish that BBCA was the alter ego of the Noskes, the IRS sought to discover information related to the functioning of BBCA. BBCA continually refused to comply with these discovery requests for a variety of reasons, none of which the district court found meritorious. Accordingly, the court entered orders compelling discovery, required BBCA to pay the IRS's attorneys' fees as sanctions for violating these orders, and finally granted the IRS's motion to dismiss.

The IRS's motion to dismiss requested the court to "penalize plaintiff's intransigence by dismissing its Complaint with prejudice." The court's order and judgment, dated November 26, 1990, stated that

"Defendant's motion to dismiss for failure to cooperate in discovery is GRANTED." The IRS subsequently brought a "motion to amend judgment" stating that the dismissal of the complaint was with prejudice, but "the clerk (presumably inadvertently) stated that the dismissal was *without* prejudice." [1] Supp.App. at 72. On December 18, 1990, the court granted this motion and directed the clerk to vacate the November 26 judgment and enter a judgment noting that the dismissal was with prejudice. On December 26, 1990, BBCA filed a notice of motion to reconsider the dismissal with prejudice. The notice stated that a memorandum in support of the motion would be forthcoming. When no supporting memorandum was received, the district court denied the motion on February 1, 1991. No further motions were filed.

On February 14, 1991, BBCA filed a notice of appeal from the district court's dismissal with prejudice. The IRS argues that this notice of appeal was untimely. Because we agree, we do not reach the merits of BBCA's claim.

## II.

The timely filing of a notice of appeal is a prerequisite to this court's appellate jurisdiction.[2] *See, e.g., Spinar v. South Dakota Board of Regents*, 796 F.2d 1060, 1062 (8th Cir.1986). The Federal Rules of Appellate Procedure require parties to file a notice of appeal within sixty days after the date of entry of the judgment or order from which they seek to appeal.[3] Fed.R.App.P. 4(a)(1). The IRS argues that this calculation should be from the date of the original order dismissing the complaint, November 26, 1990. If this date is used, the February 14 notice of appeal was filed beyond the sixty-day period. BBCA, on the other hand, argues that the sixty-day period runs either from De-

cember 18, 1990, when the court changed the previous judgment to read with prejudice, or from February 1, 1991, when the court denied BBCA's motion to reconsider. If either of these dates are used, the notice of appeal was timely.

BBCA relies on Federal Rule of Appellate Procedure 4(a)(4) to support its argument that the calculation should be from either December 18 or February 1. This rule provides:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iii) under *Rule 59* to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order ... granting or denying [the] motion.

Fed.R.App.P. 4(a)(4) (emphasis added). Because we find that neither the IRS's "motion to amend" nor BBCA's "motion to reconsider" were timely-filed Rule 59 motions, November 26 was the appropriate date from which to calculate the time for filing a notice of appeal.

### A. IRS's Motion to Amend

BBCA argues that the IRS's motion to amend was a Rule 59(e) motion because it expressly stated that it was made "pursuant to Rules 59(e) and 60(a)," and because the new judgment resulted in a substantive change. The IRS argues that its motion to amend was a Rule 60(a) motion to correct a clerical mistake, not a Rule 59(e) motion. Rule 60(a) motions do not extend the time for filing a notice of appeal. We find that the IRS's motion was a Rule 60(a) motion.

Although the IRS's motion did state that it was pursuant to "Rule 59(e)," the

---

1. Contrary to the IRS's statement in its motion to amend, the November 26 judgment does not state that it is "without prejudice" but follows the wording of the court's order stating that "defendant's motion to dismiss for failure to cooperate in discovery is granted."

2. Although the IRS did not bring a motion to dismiss the appeal within fifteen days of the

docketing of the appeal, *see* 8th Cir.R. 47A(b), this court has a duty to examine its jurisdiction, and can do so on its own motion. *See* 8th Cir.R. 47A(a); *see also Faysound Ltd. v. Falcon Jet Corp.*, 940 F.2d 339, 341 n. 2 (8th Cir.1991) (per curiam).

3. The time is thirty days when the United States is not a party.

substance of a motion rather than the form of a motion is controlling. *E.g., Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir.1983) (though styled as a Rule 59(e) motion "nomenclature is not controlling"). To be a Rule 59(e) motion, the IRS must have sought a substantive change in the judgment. *See, e.g., St. Paul Fire & Marine Ins. v. Continental Casualty Co.,* 684 F.2d 691, 693 (10th Cir.1982). We find that it did not.

The IRS's motion clearly sought only the correction of a clerical error. The motion itself focused on the clerk's "inadvertent" error when entering judgment, and the district court expressly noted that the new judgment was entered because of clerical error. Additionally, adding the language "with prejudice" did not change the effect of the November 26 judgment. Federal Rule of Civil Procedure 41(b) provides:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b). Under this rule, the original dismissal was with prejudice even though it did not expressly so state.[4] *Cf. LeBeau v. Taco Bell, Inc.,* 892 F.2d 605, 607 (7th Cir.1989) (under 41(b), court's order that "cause dismissed for want of prosecution" was with prejudice). Because the December 18 judgment merely made explicit what was implicit in the November 26 judgment, the IRS's motion did not seek a substantive change. *Id.* at 609. Accordingly, it was not a Rule 59(e) motion, but a Rule 60(a) motion that did not extend the time for filing a notice of appeal. *See*

*United States v. Mansion House Center North Redevelopment,* 855 F.2d 524, 527 (8th Cir.) (per curiam), *cert. denied,* 488 U.S. 993, 109 S.Ct. 557, 102 L.Ed.2d 583 (1988).

**B. BBCA's Motion to Reconsider**

 Alternatively, BBCA argues that the sixty-day period should run from February 1, 1991, when the court denied its motion to reconsider. BBCA's motion to reconsider, however, clearly was not a Rule 59 motion. First, a Rule 59 motion must be brought within ten days after entry of the judgment the moving party seeks to have changed. Fed.R.Civ.P. 59(b). BBCA did not file its motion to reconsider until December 26, more than ten days after the November 26 judgment. Second, all motions must state with particularity the grounds for relief sought. Fed.R.Civ.P. 7(b)(1); *see also, e.g., Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau,* 690 F.2d 1240, 1248–49 (9th Cir.1982), *cert. denied,* 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983). BBCA's motion to reconsider did not address the merits of the motion—BBCA claimed that it would file a supporting memorandum, but never did.[5] For both these reasons, BBCA's motion to reconsider was not a Rule 59 motion and did not alter the time for filing a notice of appeal.

**III.**

Because neither the IRS's motion to amend nor BBCA's motion to reconsider were Rule 59 motions, BBCA had sixty days from November 26, 1990, to file a notice of appeal in order to appeal the district court's order dismissing its complaint. BBCA failed to file a notice within this time. Accordingly, this court has no jurisdiction to address the merits of the district court's dismissal of the complaint

---

4. Arguably, even without Rule 41(b), it was clear that the court intended its dismissal to be with prejudice. The IRS's motion for dismissal clearly requested that the plaintiff's complaint be dismissed with prejudice and the court's order clearly stated the IRS's motion to dismiss was granted. Additionally, it is reasonable to assume that a dismissal for abuse of discovery

would be with prejudice. *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 766 (2d Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991).

5. Because we conclude that BBCA's motion to reconsider was incomplete, we will not review the district court's denial of this motion.

with prejudice.[6]

---

**6.** The notice of appeal was filed within sixty days of the court's December 18 order requiring the clerk to vacate the November 26 judgment and enter a new judgment reading "with prejudice." The issue of whether the district court abused its discretion in making this order, *L.Z.* *v. Parrish,* 733 F.2d 585, 588 (8th Cir.1984), however, does not present a true controversy. Even if we were to vacate this order, BBCA would be no better off than if we affirmed—the dismissal would still be with prejudice. *See* *LeBeau,* 892 F.2d at 608.