**Melinda K. BAVENDER, Plaintiff,**

v.

**John E. POTTER, Postmaster General, United States Postal Service, Defendant.**

**No. IP02–0482–C B/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 14, 2002.

Stephanie J. Hahn, Indianapolis, IN, for Plaintiff.

Debra G. Richards, Indianapolis, IN, for Defendant.

## ENTRY ON PLAINTIFF'S MOTION TO VACATE JUDGMENT

BARKER, District Judge.

Plaintiff Melinda Bavender, by counsel, asks us to set aside our September 16, 2002 Order dismissing this case for want of prosecution. Plaintiff's counsel, Michael C. Kendall, failed to attend an August 27, 2002 pretrial conference and then failed to respond to Magistrate Judge Shields's order to show cause why the case should not be dismissed. Mr. Kendall's crisis method of case management expands his firm's unenviable reputation in this federal district for delay, missing deadlines, and other violations of procedural rules. Recent examples include: *Heffernan v. American Airlines, Inc.,* 2002 WL 318312 (S.D.Ind., February 28, 2002); *Emmert v. Alliance Foodservice, Inc.,* IP96–0859–C (S.D.Ind., June, 5, 1998); *Joanna Lenoir v. Wishard Memorial Hospital,* IP96–0326–C (May 14, 1997); *Young v. Easter Enterprises, Inc.,* EV94–0127–C (January 14, 1997).

■ Ironically, Mr. Kendall re-enacts the essential problem here-tardiness-by asking us not to dismiss a case that we already dismissed. At the risk of appearing to condone such practices, however, we GRANT what we interpret to be his Rule 60(b) motion and, in effect, breathe new life into Ms. Bavender's otherwise moribund case.

■ We vacate our order of dismissal mainly because we do not wish to punish the client for her lawyer's neglect. *Le-Beau v. Taco Bell, Inc.,* 892 F.2d 605, 610 (7th Cir.1989). We also reconsider the dismissal in light of the Supreme Court's adoption of a "flexible understanding" of Rule 60(b)(1)'s "excusable neglect" provision. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 389, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Court's flexible understanding encompasses "all relevant circumstances surrounding the party's omission," particularly factors that are not within the moving party's control, such as the failure to receive mail. *Prizevoits v. Ind. Bell Tel. Co.,* 76 F.3d 132, 134 (7th Cir.1996) (applying the concept of "excusable neglect" from Rule 4(a)

to Rule 60(b)). In his verified submission, Mr. Kendall swears that he did not receive notice that the original pre-trial conference scheduled for August 13, 2002 had been rescheduled for August 27 and did not know of the order to show cause until the day the lawsuit was dismissed. Taking Mr. Kendall at his word, his failure to receive notice was beyond his control and we may construe it as excusable neglect. Additionally, Mr. Kendall responded with his leave to respond within hours after the dismissal of September 16.

We also note that, in view of the early stage of the litigation at the point of dismissal, the prejudice to Ms. Bavender by dismissing the case is far greater than any potential prejudice to the USPS in vacating the dismissal. *See 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil* § 2857. Similarly, since the case was never decided on the merits, USPS will be in no worse a position after we vacate the dismissal than it would have been had Mr. Kendall timely responded to the order to show cause.

For these reasons, we GRANT plaintiff's motion to vacate our order of September 16. We discourage any future delays and failures to adhere strictly to the schedule and orders of this court and expressly warn Mr. Kendall that future recurrences are unlikely to appear to be excusable.