Preston PROCTOR, Appellant,

v.

MILLAR ELEVATOR SERVICE
COMPANY.

Nos. 93–7067, 93–7079.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 26, 1993.

Ronald Gilchrist was on the motion for summary reversal for appellant.

Steven Mark Levine was on the motion for summary reversal for appellee.

Before WALD, WILLIAMS and HENDERSON, Circuit Judges.

Opinion for the Court PER CURIAM.

PER CURIAM:

In these consolidated cases, Preston Proctor ("Proctor") appeals a jury verdict in favor of the defendant, Millar Elevator Service Company ("Millar"). Millar cross-appeals and moves for summary reversal of the district court's denial of its motion to dismiss Proctor's complaint on the ground of *res judicata*. Proctor's original complaint against Millar, which was assigned to a different district court judge than the complaint at issue in this appeal, was dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Under Rule 41(b), a dismissal for failure to prosecute "operates as an adjudication upon the merits" unless the district court in its order "otherwise specifies." Fed.R.Civ.P. 41(b).

We hold that Proctor's original complaint was dismissed with prejudice by operation of Rule 41(b). The district court therefore erred in denying Millar's motion to dismiss Proctor's second complaint. Accordingly, we grant Millar's motion for summary reversal.[1]

Proctor, an employee at the Woodson Senior High School in the District of Columbia, was injured on June 6, 1989, when the escalator on which he was riding abruptly stopped. In September, 1990, Proctor filed a complaint against Millar, the company that was responsible for maintaining the escalator. When Proctor's counsel failed to appear at a status hearing on May 6, 1991, Millar made an oral motion pursuant to Rule 41(b) to dismiss the case.[2]

---

1. By separate order issued today this case is remanded to the district court for dismissal of Proctor's complaint, and Proctor's appeal of the jury verdict in Millar's favor is dismissed as moot.

2. Rule 41(b) states:

For the failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant

The district court granted Millar's motion. The court's order, however, did not state whether the dismissal was with or without prejudice. *See Proctor v. Millar Elevator Service Company,* 90cv2363 (D.D.C. order filed May 6, 1991). The order explains that the case was dismissed because Proctor's counsel failed to appear at the status hearing, was late for an earlier status hearing, failed to appear for a deposition, and failed to advise defense counsel that another deposition had been cancelled due to a witness' scheduling conflict. *Id.*

Proctor retained new counsel, who filed a new complaint on March 26, 1992.[3] Millar moved to dismiss the second complaint on the ground that Proctor's first complaint had been dismissed with prejudice, thus barring the second complaint. The district court denied Millar's motion to dismiss, concluding that "it would be a miscarriage of justice to penalize the plaintiff for the faults of his lawyer." *Proctor v. Millar Elevator Service Company,* 92cv00741, 1992 WL 118432 (D.D.C. order filed May 22, 1992). The court further concluded that "less drastic sanctions are available," and that "to preclude this action would be draconian." *Id.*

The case proceeded to trial, and the jury found in favor of Millar. Proctor appealed, and Millar cross-appealed seeking review of the district court's denial of its motion to dismiss.

Millar argues that the plain language of Rule 41(b) required the district court to dismiss Proctor's second complaint because the first dismissal was with prejudice "by operation" of Rule 41(b). This is true, Millar contends, because the district court that dismissed Proctor's first complaint as a sanction for his counsel's misconduct did not "otherwise specify" that the dismissal was without prejudice. Accordingly, under Rule 41(b) the dismissal was "an adjudication upon the merits." *See* Fed.R.Civ.P. 41(b). We agree.

Other circuits have held that a Rule 41(b) dismissal is with prejudice unless the district court's order states otherwise. The Fifth Circuit, addressing a district court order which did not specify whether dismissal was with or without prejudice, held that "failure to so state does not prevent the dismissal from being an adjudication on the merits, and thus a dismissal with prejudice." *Nagle v. Lee,* 807 F.2d 435 (5th Cir.1987). The Seventh Circuit reached a similar conclusion in *LeBeau v. Taco Bell, Inc.,* 892 F.2d 605 (7th Cir.1989). In that case, the district court had *sua sponte* dismissed the case for lack of prosecution. The court of appeals concluded that "because the judgment did not otherwise state, the dismissal was on the merits—with prejudice." 892 F.2d at 607. *See also BBCA, Inc. v. United States,* 954 F.2d 1429, 1432 (8th Cir.1992) (Under Rule 41(b), "the dismissal was with prejudice even though it did not expressly so state.").

Proctor relies on a strained reading of Rule 41(b), arguing that the order dismissing his first complaint was without prejudice because it did "otherwise specify" the reasons for dismissal. According to Proctor's argument, since the reasons for the dismissal are stated in the order, and it is clear that the court "did not decide the merits of the action," the dismissal must have been without prejudice. Opposition to Motion for Summary Reversal at 3. Proctor also cites older cases in which courts were apparently reluctant to assume that dismissal is with prejudice unless the order so states. *See Lohman v. General American Life Insurance Company,* 478 F.2d 719, 722 (8th Cir.) (court of appeals concluded that district court had "otherwise specified" by stating in its order that dismissal was for failure to comply with order to compel answers to interrogatories), *cert. denied,* 414 U.S. 857, 94 S.Ct. 162, 38 L.Ed.2d 107 (1973); *Madden v. Perry,* 264 F.2d 169, 175 (7th Cir.) (because the grounds for dismissal specified in the district court's order did not "involve the merits of the case, the dismissal order does not operate as an adjudication upon the merits."), *cert. denied,*

... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure

to join a party under Rule 19, operates as an adjudication on the merits.

**3.** Proctor's second complaint was assigned to a different district court judge.

360 U.S. 931, 79 S.Ct. 1450, 3 L.Ed.2d 1544 (1959).

Proctor's reading of Rule 41(b) is directly at odds with its plain meaning. Similarly, we note that the older cases Proctor cites are contradicted by later holdings in the same circuits. Accordingly, we prefer to adopt the analysis of the more recent cases, which is based on the unambiguous language of Rule 41(b).

Proctor also points to this court's more recent decision in *Shea v. Donohoe Construction Company,* 795 F.2d 1071, 1077 (D.C.Cir. 1986). In *Shea,* we held that the district court had abused its discretion in denying a Rule 60(b) motion to reinstate a case it had dismissed because plaintiff's counsel had failed to attend three status calls within one week. The court noted that "our system favors disposition of cases on the merits," and concluded that dismissal for counsel's misconduct is justified only in cases involving prejudice to the defendant or to the judicial system, or where dismissal would serve the interest of deterrence and punishment. *See* 795 F.2d at 1074–79.

While we share the district court's concern about plaintiffs, like Proctor, who suffer defeat due to their counsel's misconduct, the result we reach today is consistent with *Shea.* The plaintiff in that case filed a Rule 60(b) motion seeking reconsideration of the district court's dismissal order, the denial of which this court reviewed for abuse of discretion. *See Founding Church of Scientology v. Webster,* 802 F.2d 1448, 1457 (D.C.Cir.1986) ("[I]n cases of dismissal imposed as a sanction, the applicable standard of review confines appellate inquiry to whether the district court abused its discretion."), *cert. denied,* 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987).

In this case, however, Proctor did not file a Rule 60(b) motion but instead filed an entirely new complaint. Our review is therefore limited to the question whether, under Rule 41(b), the original dismissal was with prejudice. For the reasons stated above, we conclude that by the plain language of Rule 41(b), the district court's order dismissing

Proctor's first complaint "operates as an adjudication upon the merits."

*Reversed and Remanded.*