**Barry RIDDLE, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Defendant.**

### Civ. A. No. 93–2166 PLF.

United States District Court,
District of Columbia.

Dec. 7, 1994.

Jerry Lyons, Philadelphia, PA, for plaintiff.

Joseph S. Crociata, Martha Ann Knutson, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

On May 29, 1992, Barry Riddle filed a civil action against the National Railroad Passenger Corporation in the United States District Court for the Eastern District of Pennsylvania (*"Riddle I"*). He alleged that defendant failed to use ordinary care to furnish plaintiff with a safe work environment; subjected him to unsafe and inadequate working conditions and a hostile work environment; and conducted an intentional campaign of investigations and harassment. He sought relief pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* On July 28, 1992, the case was transferred to this Court pursuant to stipulation of the parties and order of the court.

In January 1993, Judge Oberdorfer ordered that counsel for plaintiff shall, by January 29, 1993, enter an appearance or otherwise show cause why the action should not be dismissed for want of prosecution. Counsel for plaintiff failed to enter an appearance or file a response to the show cause order. On February 2, 1993, defendant filed a motion pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss the action for failure to state a claim. Plaintiff did not file a response to this motion.

On March 22, 1993, Judge Oberdorfer entered an order treating defendant's motion to dismiss as conceded under Local Rule 108(b) because plaintiff had failed to respond to the motion and the time for a response had expired. The Court granted defendant's motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On April 16, 1993, Mr. Riddle filed another suit in the United States District Court for the Eastern District of Pennsylvania identical to the one Judge Oberdorfer had dismissed (*"Riddle II"*). Defendant moved to dismiss the complaint, arguing in part that the action was barred by the doctrine of *res judicata.* The court denied defendant's motion, finding that Judge Oberdorfer had not decided the merits of plaintiff's claims but had dismissed the complaint because plaintiff had failed to prosecute his action, to comply with Judge Oberdorfer's show cause order and to timely respond to defendant's motion. *Riddle v. National Railroad Passenger Corp.,* 831 F.Supp. 442, 444 (E.D.Pa.1993). On the basis of precedent in the Third Circuit, the court held that Rule 41(b) dismissals are reserved for "cases where there is a clear record of delay or contumacious conduct on the part of the plaintiff" and found that there was not such a clear record "as would merit here denying the plaintiff the opportunity to have his case heard on the merits." *Id.* Having denied the motion to dismiss, on September 13, 1993, the district court in Pennsylvania granted defendant's unopposed motion to transfer *Riddle II* to this Court pursuant to 28 U.S.C. § 1404(a).

*Riddle II* was assigned to Judge Lamberth. At a status conference before Judge Lamberth on November 29, 1993, the defendant made an oral motion to dismiss the complaint based on *res judicata,* or, more precisely, claim preclusion. Judge Lamberth ordered the plaintiff to file an opposition and the defendant to file a reply, both of which were duly filed. The case was reassigned to this Court on July 1, 1994, before Judge Lamberth had decided the pending motion.

When Judge Oberdorfer granted defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ. P., he did not explicitly state whether the case was dismissed with prejudice. Under District of Columbia precedent, however, dismissal for failure "to state a claim upon which relief can be granted ... is a resolution on the merits and is usually prejudicial." *Okusami v. Psychiatric Institute of Washington Inc.,* 959 F.2d 1062, 1066 (D.C.Cir.

1992).[1]

Furthermore, under District of Columbia precedent, Judge Oberdorfer's Order stated appropriate and sufficient grounds for dismissing the case pursuant to Rule 41(b), Fed.R.Civ.P. If a party fails "to prosecute or to comply with [the Federal Rules of Civil Procedure or the Local Court Rules] or any order of court, a defendant may move for dismissal" of the action under Rule 41(b), Fed.R.Civ.P. Unless the court "otherwise specifies," dismissal under that Rule "operates as an adjudication upon the merits" and is with prejudice. Rule 41(b), Fed.R.Civ.P.; *Proctor v. Millar Elevator Service Co.*, 8 F.3d 824 (D.C.Cir.1993). Judge Oberdorfer did not "otherwise specify" that the case was not being dismissed on the merits. Accordingly, the dismissal of *Riddle I* operates as an adjudication on the merits and is with prejudice. *Proctor v. Millar Elevator Service Co.*, 8 F.3d at 825–26.

Whether the Court analyzes Judge Oberdorfer's order of dismissal in *Riddle I* under Rule 12(b)(6), Rule 41(b) or both, the result is the same: *Riddle I* was adjudicated on the merits and dismissed with prejudice. The doctrine of claim preclusion provides that "when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Nevada v. United States*, 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2918–19, 77 L.Ed.2d 509 (1983) (quoting *Cromwell v. County of Sac*, 94 U.S. (4 Otto) 351, 352, 24 L.Ed. 195 (1877)). Because all the requirements for claim preclusion are satisfied here, the Court concludes that *res judicata* bars relitigation of Riddle's FELA claims, which were adjudicated on the merits and dismissed with prejudice. *See Brannock Associates, Inc. v. Capitol 801 Corp.*, 807 F.Supp. 127, 134 (D.D.C.1992). Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint is DISMISSED with prejudice.

SO ORDERED.

---

1. Even if this Court were to look to the law of the Third Circuit, the result would be the same under Rule 12(b)(6): Granting a Rule 12(b)(6) motion "results in a judgment on the merits" in the Third Circuit, as it does here. *Rosetti v. Shalala*, 12 F.3d 1216, 1230 n. 30 (3d Cir.1993) (quoting *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519, 523 (3d Cir.1973)).