68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Al MASON, Plaintiff-Appellant,
v.
OGDEN ALLIED AVIATION SERVICES CORPORATION, Defendant-Appellee.
 No. 94-4036.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1995.
 
 Before: CONTIE, NELSON, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Al Mason, appeals the district court's grant of summary judgment to defendant-appellee, Ogden Allied Aviation Services Corporation, on the basis of res judicata.
 
 I.
 
 2
 The suit in the present case was removed to the United States District Court for the Northern District of Ohio from the Court of Common Pleas of Cuyahoga County, Ohio, the state court in which the complaint was filed, because of diversity of citizenship. Plaintiff's complaint asserts that he was employed by Ogden as a utility person from 1988 and was discharged in February 1990 as a result of a complaint by a customer at the Cleveland Hopkins Airport, who accused him of soliciting a tip. Plaintiff claims he was discharged "unjustly, due to sex discrimination." Plaintiff alleges that due to the fact that he was a male, he was more severely disciplined for the alleged illegal conduct of soliciting tips than female employees for the same offense. Plaintiff's first cause of action in the complaint contends that defendant violated Ohio Rev.Code Ann. Chapter 4112 and Ohio public policy by discriminating against him on the basis of sex. Plaintiff's second cause of action asserts that as a result of this incident, defendant Ogden negligently or intentionally caused him to suffer emotional distress.
 
 
 3
 Defendant moved for judgment on the pleadings or for summary judgment based on the doctrine of res judicata. In support of its claim of res judicata, defendant presented a copy of the complaint and a judgment entered by United States Chief District Judge Thomas Lambros of May 21, 1993 in the case Mason v. Ogden, Case No. 1:92CV1305. In this former complaint, plaintiff alleged he was discharged from employment because of sex discrimination in violation of the Civil Rights Act of 1964 and in violation of Ohio Rev.Code Ann. Sec. 4112.02. The complaint also alleged that defendant was estopped from discharging him.
 
 
 4
 In a memorandum opinion of May 12, 1993, Chief Judge Lambros determined that defendant had filed a motion for summary judgment, that plaintiff had failed to respond to the motion within the time permitted by the local rules, and therefore plaintiff had, in essence, consented to the granting of the motion pursuant to Local Rule 8:8.1(j). The opinion further stated that "while the court by no means condones the conduct alleged in the plaintiff's complaint, after having thoroughly reviewed the matter, this court finds that summary judgment is appropriate." The judgment, which was entered on the same date, May 12, 1993, stated:
 
 
 5
 In accordance with the memorandum of opinion and order of May 12, 1993, the defendant's motion for summary judgment is hereby granted. This case is hereby terminated and dismissed. It is so ordered.
 
 
 6
 The district court in the present case granted defendant Ogden's motion for summary judgment on the basis that Judge Lambros' opinion had dismissed the case on the merits, and, therefore, the subsequent lawsuit in the present case was barred by the doctrine of res judicata. Plaintiff timely filed an appeal from this judgment.
 
 II.
 
 7
 Plaintiff argues that the prior judgment of the district court in case 1:92CV1305 does not bar the filing of the complaint in the present case under the doctrine of res judicata because it was not a determination on the merits of the case, but was based on a "procedural technicality"--plaintiff's failure to timely respond to defendant's motion for summary judgment.
 
 
 8
 Under the doctrine of res judicata, a final judgment on the merits is an absolute bar to a subsequent action between the same parties based on the same claim or demand. Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979); Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, 918 F.2d 658 (6th Cir.1990). The issue in the present case is whether the prior decision was a final judgment on the merits.
 
 
 9
 The district court in case 1:92CV1305 (hereinafter, "the prior case") based his decision to dismiss plaintiff's suit on Local Rule 8:8. Local Rule 8:8.1(d) requires that a party opposing a motion to serve and file a motion and memoranda in opposition within ten days after service of the motion, excluding Saturdays, Sundays, and legal holidays. The district court in the prior case determined that in the suit before it, the defendant employer, Ogden, had filed a motion for summary judgment on March 19, 1993. Therefore, plaintiff should have responded within ten days. However, it was not until May 3, 1993 that the court heard from plaintiff in response to defendant's motion, when counsel for plaintiff requested an extension of time within which to reply to defendant's motion for summary judgment. The district court found plaintiff Mason did not specify the amount of time needed in which to respond, and that plaintiff had not complied with Local Rule 8:8 as his request for an extension of time was filed over a month late. Moreover, at the time of the hearing on the motions, a response to defendant's motion for summary judgment had never been filed. The district court in the prior case found that plaintiff's request for an extension of time within which to respond to defendant's motion for summary judgment was not sufficiently justified and denied the motion.
 
 
 10
 The court then dismissed the suit based on Local Rule 8:8.1(j), which states the following:
 
 
 11
 Failure to File Memoranda. Memoranda required to be filed under this rule that are not timely filed by a party may not be considered and may be deemed by the court to constitute the party's consent to the granting or denial of the motion as the case may be.
 
 
 12
 The district court in the prior case concluded he could grant defendant's motion for summary judgment simply because plaintiff failed to respond, and also stated that after thoroughly reviewing the matter, he found summary judgment appropriate. In the present case before this court, plaintiff is arguing that this judgment in the prior case was not a final judgment on the merits, but was based on a mere technicality (plaintiff's failure to respond to defendant's summary judgment motion), and thus was not a bar to a subsequent pleading under the doctrine of res judicata.
 
 
 13
 We do not agree with this argument. Federal Rule of Civil Procedure, Rule 41(b) makes it clear that the district court's prior dismissal in this case was a judgment on the merits which precludes any subsequent action on the claim. Rule 41(b) provides:
 
 
 14
 For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.
 
 
 15
 (emphasis added). Rule 41(b) indicates that a dismissal because of a plaintiff's failure to comply with local court rules is a decision on the merits unless the court otherwise specifies. Thus, pursuant to Fed.R.Civ.P. 41(b), a final judgment on the merits was made in the prior case by the district court when he dismissed the case because plaintiff did not timely file a response to defendant's motion for summary judgment.
 
 
 16
 Moreover, case law does not support plaintiff's contention that dismissal based on a technicality does not constitute a final judgment on the merits. See Proctor v. Millar Elevator Service Co., 8 F.3d 824 (1993) (dismissal for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) operates as an adjudication upon the merits unless the district court in the order otherwise specifies); Confederate Memorial Ass'n, Inc. v. Hines, 995 F.2d 295 (1993) (it is usual rule that dismissal with prejudice operates as an adjudication on the merits); Murphy v. Klein Tools, 935 F.2d 1127 (10th Cir.) (a dismissal with prejudice by a state court constitutes adjudication on merits for the purpose of claim preclusion in a later federal court action), cert. denied, 502 U.S. 952 (1991); Vakalis v. Shawmut Corp., 925 F.2d 34 (1st Cir.1991) (a district court has the power to dismiss with prejudice where a party has failed to comply with the rules of procedure); NAACP v. Hunt, 891 F.2d 1555 (11th Cir.1990) (order which dismissed claims was a final adjudication on the merits for res judicata purposes even though it was not clear if the court dismissed the claims under Rule 12(b)(6) or Rule 41(b)); Cemer v. Marathon Oil Co., 583 F.2d 830 (6th Cir.1978) (the scope of a federal judgment is governed by Rule 41(b) and the federal rule supplies the controlling principle). Thus, the prior decision in this case was a final decision on the merits.
 
 
 17
 Under the Supreme Court's holding in Montana v. United States, 440 U.S. 147, 153 (1979), a final judgment on the merits bars further claims by the same parties or their privies based upon the same cause of action or issue (issue preclusion). Furthermore, res judicata bars relitigation of all claims which were actually litigated or which could have been litigated in the prior action (claim preclusion). Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224, 1227 (6th Cir.1981).
 
 
 18
 In the present case, both of plaintiff's claims are barred by the doctrine of res judicata because the decision in the first case was a judgment on the merits. Plaintiff's prior claim against defendant Ogden alleged that he was discharged because of his sex in violation of Ohio law. This is precisely the same claim alleged in the first cause of action in the complaint in the present case. This claim is therefore barred by the issue preclusion branch of the doctrine of res judicata.
 
 
 19
 Plaintiff's second cause of action for infliction of emotional distress was not raised in the prior litigation, but it clearly arises out of the same facts and could have been litigated in the prior suit. Therefore, this claim is barred by the claim preclusion branch of res judicata, which holds that any claim that could have been raised in a prior lawsuit should have been raised then and cannot be raised in a subsequent lawsuit. White v. Colgan Electric Co., Inc., 781 F.2d 1214, 1216 (6th Cir.1986).
 
 
 20
 To conclude, the opinion of the district court is hereby AFFIRMED. Plaintiff's complaint was properly dismissed as barred by the doctrine of res judicata.