**Charles T. SHERWIN, Plaintiff,**

v.

**DEPARTMENT OF THE AIR FORCE, Sheila Widnall, Secretary, and Merit Systems Protection Board, Ben L. Erdreich, Chairman, Defendants.**

**Civil Action No. 96–2021 (PLF).**

United States District Court, District of Columbia.

Feb. 27, 1997.

Charles T. Sherwin, Hope Mills, NC, pro se.

Kathryn Good, Asst. U.S. Atty., Washington, DC, for Defendants.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion.

### I. BACKGROUND

Plaintiff Charles Sherwin is a former civilian employee and reservist in the United States Air Force. On June 17, 1988, the Air Force removed him from his position as a Program Analyst based on a charge of false certification of a military pay document. Defs.' Mot. to Dismiss, Ex. 1. Plaintiff appealed his removal to the Philadelphia Regional of the Merit Systems Protection Board ("MSPB"). He asserted that the Air Force committed error by allowing the same individual to act as the proposing and deciding official, by charging the plaintiff with falsification where no illegal intent was shown, and by supporting its penalty determination with a suspension that was not mentioned in the proposal notice. Defs.' Mot. to Dismiss, Ex. 2. After a hearing, the Administrative Law Judge sustained the charge but mitigated the removal to a 30–day suspension and a demotion. Defs.' Mot. to Dismiss, Ex. 1.

Both plaintiff and the Air Force petitioned the MSPB for review of the Administrative Law Judge's decision. Plaintiff argued that the Air Force had failed to prove intent to deceive and that his removal therefore should not have been sustained. Defs.' Mot.

to Dismiss, Ex. 3. The Air Force challenged the mitigation of plaintiff's removal penalty, while plaintiff argued that the Administrative Law Judge's penalty determination was proper. Defs.' Mot. to Dismiss, Ex. 5; Defs.' Mot. to Dismiss, Ex. 4.

The Board denied plaintiff's petition, granted the Air Force's petition, and affirmed the ALJ's decision as modified, sustaining the false certification charge but reinstating the penalty of removal. Defs.' Mot. to Dismiss, Ex. 5. Plaintiff appealed and the United States Court of Appeals for the Federal Circuit affirmed the MSPB's decision. Defs.' Mot. to Dismiss, Ex. 6. Plaintiff then filed a petition for rehearing, a suggestion for rehearing *en banc*, a motion for relief from judgment, and a second petition for rehearing and *en banc* rehearing, all of which the Federal Circuit denied. Defs.' Mot. to Dismiss, Ex. 7. The Federal Circuit also denied plaintiff's subsequent Petition for Writ of Error Coram Nobis and stated that any further documents submitted in the case would be placed in the file without response. Defs.' Mot. to Dismiss, Ex. 7.

Plaintiff then sued the Air Force, the Secretary of the Air Force and several Air Force employees in the United States District Court for the Eastern District of North Carolina, alleging a violation of the Privacy Act, 5 U.S.C. § 552a, by, among other things, the inclusion of North Carolina Employment Security Commission records in his MSPB file. The district court dismissed plaintiff's complaint and the Fourth Circuit affirmed. *Sherwin v. Department of the Air Force, et al.*, No. 90–34–CIV–3–BR (E.D.N.C. April 15, 1992), *aff'd*, 37 F.3d 1495 (4th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1823, 131 L.Ed.2d 745 (1995).

Plaintiff next filed a *Bivens* action in the Eastern District of North Carolina, again raising the issue of wrongful termination but this time casting it as a violation of due process. Plaintiff complained that twelve defendants, including then MSPB Chair Daniel Levinson and MSPB Vice Chair Maria Johnson, conspired to deprive him of his due process rights by removing him from his position as a civilian employee of the Air Force. The basis of his allegation was that the charge he was accused of, false certification of a military pay document, is a federal crime outside the authority or jurisdiction of his superiors to adjudicate. The district court dismissed the action for lack of subject matter jurisdiction. *Sherwin v. Billmyer*, No. 91–89–CIV–3–BR (E.D.N.C. April 13, 1992); Defs.' Mot. to Dismiss, Ex. 8. It also found that the defendants were protected by qualified immunity. *Id.* The Fourth Circuit affirmed. *Sherwin v. Billmyer*, 978 F.2d 1256 (4th Cir.1992).

Plaintiff then sued the United States, the President, the Attorney General, the Secretary of the Air Force, the Director of the Office of Personnel Management and the Chair of the MSPB in the Eastern District of North Carolina. *Sherwin v. United States*, No. 92–56–CIV–3–H (E.D.N.C. October 28, 1992); Defs.' Mot. to Dismiss, Ex. 9. Plaintiff sought a writ of mandamus to clear his name and alleged a violation of his constitutional rights. The district court also dismissed this complaint. *Id.*

Plaintiff then filed a fourth suit in the Eastern District of North Carolina, this time against the Secretary of the Air Force. The district court granted defendant's motion to dismiss, holding that the suit was barred by the doctrine of *res judicata*. *Sherwin v. Widnall*, No. 93–68–CIV–3–BR (E.D.N.C. Mar 7, 1994); Defs.' Mot. to Dismiss, Ex. 10. It noted that each of the plaintiff's suits had arisen from exactly the same set of facts and observed that "[a]t some point, litigation over a particular controversy must come to an end. That point has long since passed for plaintiff. Plaintiff is warned that further attempts to litigate this claim may result in sanctions." *Sherwin v. Widnall,* No. 93–68–CIV–3–BR, at 4 (E.D.N.C. Mar 7, 1994); Defs.' Mot. to Dismiss, Ex. 10.

Plaintiff nevertheless filed a fifth lawsuit in the same court, this one against the United States and Lieutenant Colonel Donald L. Robinson. The district court dismissed with prejudice and enjoined plaintiff from filing, instituting, continuing or prosecuting any civil action in the United States District Court for the Eastern District of North Carolina without first obtaining leave of court and without first certifying that

the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any court. Such claims may not include any relating to, or arising from, his employment by the United States Air Force, or any litigation stemming in any way from his employment by the United States Air Force, including any individual named in any such prior litigation including, but not limited to, Lieutenant Colonel Donald L. Robinson. He must also certify that the claim or claims are not frivolous, malicious, or taken in bad faith.

*Sherwin v. United States,* Civil No. 94–CV–48–BR2, at 2 (E.D.N.C. October 26, 1994); Defs.' Mot. to Dismiss, Ex. 11.

Perhaps finally getting the message sent several times by the U.S. District Court for the Eastern District of North Carolina, plaintiff then turned to this Court. He filed a Petition for a Writ of Mandamus against the Special Counsel for the Office of Special Counsel ("OSC"), alleging that the OSC had failed to investigate a complaint plaintiff had filed with it or to seek corrective action on plaintiff's behalf. Complaint in *Sherwin v. Day–Koch,* Civil Action No. 95–1478(SS) (D.D.C. Dec; 22, 1995); Defs.' Mot. to Dismiss, Ex. 12. In his petition plaintiff made some of the same claims asserted in the prior lawsuits and in the present lawsuit. *Id.* at 2–4. On December 22, 1995, Judge Sporkin granted the government's motion to dismiss, and the court of appeals subsequently granted the government's motion to dismiss plaintiff's appeal. *Sherwin v. Day–Koch,* Civil Action No. 95–1478(SS) (D.D.C. Dec. 22, 1995); *Sherwin v. Day–Koch,* No. 96–5084 (D.C.Cir. Aug. 21, 1996); Defs.' Mot. to Dismiss; Exs. 13, 14.

On August 29, 1996, plaintiff filed the instant action pursuant to the "Constitution and its Bill of Rights" and *Hubbard v. U.S. Environmental Protection Agency Admin.,* 809 F.2d 1 (D.C.Cir.1986). Complaint at 1. Plaintiff names the Air Force, the Secretary of the Air Force, the MSPB, and the current Chair of the MSPB, Ben L. Erdreich, as defendants. He alleges that the Air Force failed to provide him with all the material it relied upon to support his June 17, 1988, removal and that this failure to provide documents to him until four months after his removal constituted a violation of constitutional due process. *Id.* at 2–4. Plaintiff contends that the MSPB committed error by relying on one of these belatedly released documents to sustain the Air Force's action. *Id.* at 3. He requests reinstatement, back pay and costs, including attorneys' fees. *Id.* at 5.

## II. DISCUSSION

Under the doctrine of *res judicata,* "the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate—even if they chose not to exploit that opportunity— whether the initial judgment was erroneous or not." *Hardison v. Alexander,* 655 F.2d 1281, 1288 (D.C.Cir.1981). The doctrine of *res judicata* requires an identity of parties or their privies in the earlier and later suits. It is established that "there is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government." *LoBue v. Christopher,* 82 F.3d 1081, 1084–85 (D.C.Cir.1996) (quoting *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402–03, 60 S.Ct. 907, 916–17, 84 L.Ed. 1263 (1940)).

A final judgment in one action "bars any further claim based on the same 'nucleus of facts,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'" *Page v. United States,* 729 F.2d 818, 820 (D.C.Cir. 1984) (quoting *Expert Elec., Inc. v. Levine,* 554 F.2d 1227, 1234 (2nd Cir.1977), *cert. denied,* 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977)). Thus, the doctrine of *res judicata* also requires an identity of the claims in both the earlier and later suits.

The parties to this action and to plaintiff's other lawsuits against the government seeking to relitigate his termination are the same. The parties or their privies to this action and the parties or their privies to plaintiff's appeal to the Federal Circuit are the same.

The Federal Circuit's decision was a final judgment on the merits of the same removal action that plaintiff is again attempting to challenge. While it does not appear that plaintiff raised the issue of improperly withheld documents before the MSPB or before the Federal Circuit, he had every opportunity to do so. He asserted that the allegedly withheld documents were provided to him on October 13, 1988, and the initial step in the review process, the MSPB's hearing before the ALJ, did not take place until October 20, 1988. Plaintiff also had the opportunity to raise the issue before the full MSPB and the Federal Circuit. Furthermore, the identical issue of improperly withheld documents has already has been raised before Judge Sporkin in another suit against the government. Finally, plaintiff's claim before this Court is based on the same "nucleus of facts" as those before the MSPB and the Federal Circuit, namely, plaintiff's certification on a military pay document that certain hours were worked that were in fact not worked, and the agency's removal of plaintiff based on this false certification.

In sum, the Federal Circuit had jurisdiction to render a decision in plaintiff's appeal to that court; the parties or their privies to that appeal and this suit are identical; the Federal Circuit's decision was a final judgment on the merits of plaintiff's claim; that appeal and this case are based on the same nucleus of facts; and plaintiff has had several opportunities to litigate the issue of the allegedly withheld documents. Thus, the doctrine of *res judicata* bars this law suit. *Page v. United States*, 729 F.2d at 820; *Hardison v. Alexander*, 655 F.2d at 1288; *Riddle v. National Railroad Passenger Corp.*, 869 F.Supp. 40, 42 (D.D.C.1994).

*Res judicata* also bars this suit because other courts, including this court, have rendered numerous final decisions on suits plaintiff has brought against the government in an attempt to relitigate his dismissal from the Air Force. *See Sherwin v. Department of the Air Force, et al.*, No. 90–34–CIV–3–BR (E.D.N.C. April 15, 1992), *aff'd*, 37 F.3d 1495 (4th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1823, 131 L.Ed.2d 745 (1995); *Sherwin v. Billmyer*, No. 91–89–CIV–3–BR (E.D.N.C. April 13, 1992), *aff'd*, 978 F.2d 1256 (4th Cir.1992); *Sherwin v. United States*, No. 92–56–CIV–3–H (E.D.N.C. October 28, 1992); *Sherwin v. Widnall*, No. 93–68–CIV–3–BR (E.D.N.C. Mar 7, 1994); *Sherwin v. United States*, Civil No. 94–CV–48–BR2, at 2 (E.D.N.C. October 26, 1994); *Sherwin v. Day–Koch*, Civil Action No. 95–1478(SS) (D.D.C. Dec. 22, 1995). Judge Wilkey's words are particularly apt in this case:

> The doctrine of res judicata is so familiar that it is unnecessary here to rehearse more than its bare outlines. In brief, the doctrine is designed to conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation.

*Hardison v. Alexander*, 655 F.2d at 1288.

Plaintiff's reliance on *Hubbard v. Environmental Protection Agency*, 809 F.2d 1 (D.C.Cir.1986), as a basis for jurisdiction is misplaced. Unlike the situation presented here, in *Hubbard* there was no final judgment on the merits of Michael Hubbard's claim of entitlement to employment. Accordingly, the doctrine of *res judicata* posed no bar to suit in that case. Plaintiff's suit will be dismissed on grounds of *res judicata*.

In view of the Court's disposition of the matter, there is no need to reach the question under Rule 12(b)(1), Fed.R.Civ.P., whether this Court has subject matter jurisdiction to consider what is essentially a claim for review of the MSPB's decision.

For the foregoing reasons, it is hereby

ORDERED that defendants' Motion to Dismiss is GRANTED; it is

FURTHER ORDERED that the Clerk of the Court shall remove this case from the docket of the Court.

SO ORDERED.