**Linwood MCCREARY Plaintiff,**

v.

**John E. POTTER, Postmaster General, et al., Defendants.**

No. CIV.A.02–1986 RMC.

United States District Court, District of Columbia.

March 27, 2003.

Linwood McCreary, Bowie, MD, pro se.

Daria Jean Zane, U.S. Attorney's Office, Washington, DC, for John E. Potter, defendant.

Susan Lynne Catler, O'Donnell, Schwartz & Anderson, P.C., Washington, DC, Daria Jean Zane, U.S. Attorney's Office, Washington, DC, for Moe Biller, defendant.

## *MEMORANDUM OPINION*

COLLYER, District Judge.

Pending before the Court are numerous motions filed by the parties in Linwood McCreary's lawsuit against the United States Postal Service ("USPS") for breach of a Collective Bargaining Agreement ("CBA") and William Burrus and Patricia Johnson for breach of the duty of fair representation. To address these various matters expeditiously, the Court will rule on all pending motions in this single Memorandum Opinion. For the reasons stated below, Defendants' motions to dismiss are GRANTED and Mr. McCreary's motions, except those made for amendment purposes, are DENIED.

## I. BACKGROUND

The parties essentially agree on the facts, although they argue over their significance. Mr. McCreary is a Motor Vehicle Operator ("MVO") assigned to the Brentwood Postal Facility in Washington, D.C. Prior to the events at issue here, he collected bulk mail at night, including registered mail containing receipts and remittances, for delivery to Brentwood. Thereafter, an armored car company collected the registered mail "during daylight and in the security of postal police and a security fence." Amended Complaint ("Am. Compl.") ¶ 27. Mr. McCreary asserts that it is a violation of the CBA and 39 U.S.C. § 2010[1] to direct MVOs to collect registered mail containing receipts and remittances.

 MVOs are part of a collective bargaining unit represented by the American Postal Workers Union ("National Union") and its chartered local union, the Nation's Capital Southern Maryland Area Local ("Local Union") (collectively, "Unions"). Mr. Burrus is president of the National Union and Ms. Johnson is president of the Local Union. The relevant CBA negotiated by the National Union is dated November 21, 2000, to November 20, 2003.[2] The bar-

---

1. 39 U.S.C. § 2010 states:

 The Postal Service shall promote modern and efficient operations and should refrain from expending any funds, engaging in any practice, or entering into any agreement or contract, other than an agreement or contract under chapter 12 of this title, which restricts the use of new equipment or devices which may reduce the cost or improve the quality of postal services, except where such restriction is necessary to insure safe and healthful employment conditions.

2. Mr. McCreary attacks the Unions' standing as exclusive bargaining representatives. This issue, however, comes within the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). *See* 39 U.S.C. § 1204. He also complains about their alleged failure to

gaining unit consists of USPS employees in the clerk, maintenance, and motor vehicle service crafts nationwide, including MVOs and Window Clerk Technicians. A Window Clerk Technician is responsible for making deposits of receipts and remittances. In addition, USPS employs a security force staffed by uniformed Postal Police Officers. "The officers provide perimeter security [and] escort high-value mail shipments ..., including registered mail containing receipts and remittances ...." *Id.* ¶ 18.

On January 28, 1991, Mr. McCreary was kidnapped and robbed at gunpoint from the Friendship Heights Post Office in Washington, D.C. As a result, he states that he has been diagnosed with Post Traumatic Stress Disorder. According to the Amended Complaint, Mr. McCreary was suspended on August 19, 2002, when his doctor requested that Mr. McCreary be restricted from collecting receipts and remittances. His successor, a 28–year–old female, allegedly also refused to collect registered mail containing receipts and remittances; she was merely transferred to a different route. The Amended Complaint also asserts that USPS suspended Mr. McCreary for complaining about his treatment to Maryland Congressman Steny H. Hoyer. The question of the legitimacy of Mr. McCreary's suspension is pending before the Merit Systems Protection Board on Mr. McCreary's complaint and is not presently before the Court. *See id.* ¶ 52–54.

On February 6, 2002, Mr. McCreary requested that the Local Union file a grievance against USPS for violating the CBA when it requires MVOs to collect registered mail containing receipts or remittances. Six days later, the Local Union filed a class-action grievance, designated as No. BRB–5–2002. Article 15 of the CBA contains a three-step grievance process followed by binding arbitration. The grievance was denied at Step One, appealed by the Local Union, and denied by USPS at Step Two on April 1, 2002. The Local Union appealed to Step Three on April 15, 2002, and USPS denied the grievance again on May 24, 2002. On June 28, 2002, the National Union appealed the grievance to arbitration, where it is pending.

## II. ANALYSIS

### A. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) should be granted when the plaintiff has not established by a preponderance of the evidence that the Court possesses subject matter jurisdiction over his claims. In reviewing such a motion, "it is well established in this Circuit that a court is not limited to the allegations in the complaint but may consider material outside of the complaint in an effort to determine whether the court has jurisdiction in the case." *Gustave–Schmidt v. Chao,* 226 F.Supp.2d 191, 195 (D.D.C.2002).

Summary judgment, on the other hand, is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is not a "disfavored procedural shortcut" but a reasoned and careful way to resolve cases expeditiously. *Celotex Corp. v. Catrett,* 477 U.S. 317, 328, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining

---

have the CBA ratified by the members. This claim must have been raised within six months of the effective date of the CBA or else it would be barred by the six-month statute of limitations contained in the National Labor Relations Act. *See* 29 U.S.C. § 160(b).

whether a genuine issue of material fact exists, the court must view all facts, and reasonable inferences, in the light most favorable to the non-moving party. *See Dunaway v. Int'l Brotherhood of Teamsters*, 310 F.3d 758, 761 (D.C.Cir.2002). Any factual dispute must be capable of affecting the substantive outcome of the case to be considered "material" and "genuine." *See Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505.

## B. Non–Dispositive Motions

■ Aside from the parties' dispositive motions on the merits, various non-dispositive motions filed in this lawsuit need to be resolved.[3] The first set of such motions relates to the timing of USPS's response to the Amended Complaint. On January 6, 2003, Mr. McCreary filed a Motion for Judgment by Default against USPS. A few weeks later, on January 28, 2003, Mr. McCreary filed a Motion for Summary Judgment. Then, on February 12, 2002, Mr. McCreary filed a Motion to Vacate. Defendants have opposed these motions. As the record shows, these three motions are based on a mistake of fact.

Mr. McCreary filed his original Complaint on October 9, 2002, and an Amended Complaint on October 29, 2002. He later consented to an enlargement of time until February 7, 2003, for USPS to answer the Amended Complaint. Unfortunately, the proposed order submitted by USPS with its Motion for an Extension of Time—and ultimately signed by the Court—stated that USPS's Answer would be due on January 16, 2003. On January 9, 2003, USPS filed a Motion to Vacate and Correct Order to approve the extension of time to February 7, 2003. The Court granted that motion on February 10, 2003, retroactively so that USPS's response filed on February 7, 2003, was deemed timely. Mr. McCreary's motions related to USPS's alleged failure to respond timely to his Amended Complaint are all predicated on the incorrect notion that the USPS response was due on January 16, 2003. Therefore, inasmuch as the Court granted the consent motion to give USPS until February 7, 2003, to file its response and USPS's Motion to Dismiss or, Alternatively, for Summary Judgment ("Motion to Dismiss") was filed on that date, Mr. McCreary's Motion for Judgment by Default against USPS, Motion for Summary Judgment, and Motion to Vacate are DENIED.

3. Mr. McCreary has filed the following non-dispositive motions, as styled by him:

- Motion for Judgement by Default Pursuant to "FRCP 55(b)(2)" ("Motion for Judgment by Default against Ms. Johnson");
- Motion for Judgement by Default Pursuant to "FRCP 55(b)(2)(e)" and "FRCP 6(b)(1) and (2)" ("Motion for Judgment by Default against USPS");
- Motion for Judgement by Default Pursuant to Rule 55(b)(2) ("Motion for Judgment by Default against Mr. Burrus");
- Motion for Summary Judgement or in the Alternative, Motion to Proceed to Trial as Demanded ("Motion for Summary Judgment");
- Motion to Vacate Plaintiff's Previous Sworn Declaration/Motion to Resubmit a New Sworn Declaration or in the Alternative ...

Motion to Dismiss/Defendant's Motion to Dismiss/or in the Alternative/Motion for Summary Judgement as Defendant's Submission is Time Barred ("Motion to Vacate");
- Motion for Court to Appointed Counsel ("Motion to Appoint Counsel");
- Motion to Amend Certificate of Service ("Motion to Amend Certificate");
- Motion for Preliminary Injunction ("Motion for Preliminary Injunction");
- Motion for Court to Amend Plaintiff's Complaints ("Motion to Amend Pleadings");
- Motion to Enter into the Record Acts of Threats and/or Extortion by the Defendants ("Motion to Enter"); and
- Motion to Amend Preliminary Injunction ("Motion to Amend Preliminary Injunction").

■ A second set of non-dispositive motions relates to the timing of Mr. Burrus and Ms. Johnson's joint response to the Amended Complaint. On January 6, 2003, Mr. McCreary filed a Motion for Judgment by Default against Mr. Burrus and one against Ms. Johnson on the grounds that they had not filed their answer to his Amended Complaint by December 18, 2002. In fact, Mr. Burrus and Ms. Johnson had filed a joint Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Motion to Dismiss") on November 1, 2002, well within the time limits of Federal Rule of Civil Procedure 12. Having filed a Motion to Dismiss, these Defendants had no obligation to answer the Amended Complaint until the Court ruled on their motion. Accordingly, Mr. McCreary's two motions for default judgment against them are DENIED.

■ Another non-dispositive motion was filed by McCreary on February 27, 2003. This time, Mr. McCreary filed a Motion to Appoint Counsel. He states that he has limited funds due to the fact that USPS allegedly suspended him without pay and that it allegedly deprived him of union representation and outside legal counsel by exclusively recognizing the Unions, which he asserts are not "labor organizations." The status of the National Union and the Local Union as "labor organizations" with rights of exclusive representation of Mr. McCreary and other unit members is a matter within the exclusive jurisdiction of the NLRB and is not properly before the Court. Mr. McCreary's allegation of fraud against USPS is addressed below. Consistent with the disposition of this case, this motion is DENIED.

On March 3, 2003, Mr. McCreary filed a Motion to Amend Certificate. This motion seeks to add the United States Attorney General to the previous certificate of service. With no need for elaboration, this motion is GRANTED.

On March 11, 2003, Mr. McCreary filed a Motion for Preliminary Injunction. Briefly summarizing previous arguments, the motion adds nothing new to support an injunction. The merits of the underlying Amended Complaint are addressed below. Therefore, Mr. McCreary's Motion for Preliminary Injunction is DENIED, along with his Motion to Amend Preliminary Injunction.

On the same day that he filed his Motion for Preliminary Injunction, Mr. McCreary filed a Motion to Amend Pleadings. When this case was instituted, it was randomly assigned to Judge Richard J. Leon as Civil Action No. 02–1986(RJL). When the undersigned was appointed to the district court, this case was one of those randomly re-assigned and it became Civil Action No. 02–1986(RMC). Mr. McCreary states that he did not receive timely notice of the re-assignment and continued to append "(RJL)" to his pleadings. His motion to amend recent pleadings to change "(RJL)" to "(RMC)" is GRANTED.

Finally, also on March 11, 2003, Mr. McCreary filed a Motion to Enter. This motion is DENIED. Mr. McCreary's allegations are part of the official record by virtue of his motion.

### C. Dispositive Motions

Mr. McCreary has brought a hybrid lawsuit against his employer and the Unions. In his Amended Complaint, he alleges that USPS is violating the CBA and that the Unions are acting in a manner that is "[a]rbitrary, [c]apricious, [p]erfunctory and in [b]ad [f]aith." Am. Compl. ¶ 40. Mr. McCreary states that USPS "is coercing the plaintiff to perform unsafe work without compensation, without legal authority" and without his contractual agreement. *Id.* ¶ 45. Additional contract violations are alleged because USPS has

refused to re-install a security box on Mr. McCreary's truck to hold registered mail and has issued a Letter of Warning dated January 30, 2000, threatening to charge Mr. McCreary with Delay of Mail unless he continues to collect registered mail containing receipts and remittances.

■■■ As to the Unions, Mr. McCreary asserts that they allow USPS to violate the CBA because they "agreed to permit the Motor Vehicle Service drivers, in contravention of the Postal Reorganization Act of 1970, to continue to collect registered mail, including registered mail containing receipts and remittances ...." *Id.* ¶ 19. This practice is allegedly unsafe in violation of 39 U.S.C. § 2010. Mr. McCreary argues that the Local Union failed and refused to investigate his grievance and that the National Union has sent "forth to the arbitrator a perfunctory grievance to insure it's [sic] failure." *Id.* ¶ 22. These actions and omissions allegedly violate the Unions' duty to represent Mr. McCreary fairly.[4]

Mr. Burrus and Ms. Johnson vigorously defend the Unions' conduct in their joint Motion to Dismiss filed on November 1, 2002. As a matter of fact, they assert the pendency of a class-action grievance, No. BRB–5–2002, which has been processed by the Unions through the grievance process and is pending arbitration. Therefore, the Unions' officers argue, the grievance process is incomplete and Mr. McCreary has failed to exhaust his remedies under the CBA. *See Republic Steel Corp. v. Maddox,* 379 U.S. 650, 653, 85 S.Ct. 614, 13 L.Ed.2d

580 (1965). As a matter of law, the Unions' officers also argue that they cannot individually be held liable for breaches of the duty of fair representation by either union entity. *See* 39 U.S.C. § 1208(c); *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 249, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962) ("The national labor policy requires and we hold that when a union is liable for damages ... its officers and members are not [individually] liable for these damages.").[5] Accordingly, the claims against Mr. Burrus and Ms. Johnson must be dismissed and, if Mr. McCreary has any complaint about the handling of his grievance after the entire grievance process is completed, he must sue the National Union and the Local Union, but not their officers.

■■■ USPS filed its Motion ·to Dismiss on similar grounds. It agrees with Mr. Burrus and Ms. Johnson that Mr. McCreary has failed to exhaust the contractual grievance process, as Grievance BRB–5–2002 is still pending arbitration. In addition, USPS argues that the doctrine of *res judicata* bars his lawsuit since Mr. McCreary previously filed a complaint in Civil Action No. 01–1451, which USPS claims contested the same employment practices as here. *See McCreary v. Potter,* Civil Action No. 01–1451 (D.D.C. Dec. 3, 2001). Summary judgment was granted to both USPS and the National Union in the previous case. *See id.* Therefore, USPS argues that Mr. McCreary "cannot re-litigate his claims when he had a full and fair opportunity to do so" earlier. De-

---

4. The duty of fair representation is a federal obligation which has been developed by the courts as a necessary corollary to the status of exclusive representation provided for by law. It recognizes the fiduciary obligation a union has to its members. A union breaches its duty of fair representation if its conduct is arbitrary, discriminatory, or in bad faith. *See Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

5. *Atkinson* was decided under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185, which applies to private sector litigants only. However, the case law developed under section 301 is applicable to actions brought by USPS employees under 39 U.S.C. § 1208(b), the relevant analogue to § 301. *See Nat'l Ass'n of Letter Carriers v. United States Postal Serv.,* 590 F.2d 1171 (D.C.Cir.1978).

fendant's Memorandum in Support of Motion to Dismiss at 11; *see Sherwin v. Dept. of the Air Force,* 955 F.Supp. 140, 143 (D.D.C.1997).

Mr. McCreary defends his Amended Complaint.[6] First, he states that "Kordell Steward" of the Pittsburgh Steelers[7] is known as "Slash" because he performs multiple jobs, including quarterback and receiver. Plaintiff's Sworn Declaration ¶ 12. Mr. McCreary argues that he also is a "slash" because he is required to perform the duties of a "Motor Vehicle Operator/Window Clerk Technician, T–6/U.S. Postal Police/Mailhandler" when he collects registered mail containing receipts and remittances—all in contravention of law and the CBA. *Id.* ¶ 15.

Second, Mr. McCreary notes USPS's argument that he may not re-litigate claims " *'when'* he had a full and fair opportunity to do so[.]" Plaintiff's Opposition ¶ 3 (emphasis in original). He argues that misrepresentations and deceptions by Defendants interfered with the prior case before Judge Thomas Penfield Jackson. "Until, such time as the defendants, cease and desist with the aforementioned, the plaintiff will not receive his *'when,'* and will live the American dream, to litigate and relitigate until the plaintiff realizes his, *'when.'* " *Id.* at 2 (emphasis in original).

Finally, Mr. McCreary argues that he has exhausted the CBA's grievance process because Sandi Daniels, USPS's representative, refused to send the grievance to arbitration in that she did not give it a grievance number on behalf of USPS. He asserts that the Unions, therefore, may not bring the grievance forward to an arbitrator. *But see* Am. Compl. ¶ 22 (The Amended Complaint's allegation that the

Unions have sent a "perfunctory grievance" to the arbitrator seems to acknowledge that the grievance is alive and pending.).

█ This lawsuit is both too late and too early. It is too late because, to the extent that Judge Jackson fully heard and decided these same matters in Civil Action No. 01–1451(TPJ), Mr. McCreary is barred from re-litigating them at this time. A final judgment on the merits bars a party from re-litigating claims that were or could have been raised in the prior litigation. *See Am. Forest Res. Council v. Shea,* 172 F.Supp.2d 24, 29 (D.D.C.2001). The reason behind this judicial principle is that it saves all parties from the cost and vexation of multiple lawsuits, conserves judicial resources, and gives finality to proper judgments. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The principle is called *res judicata* because it means what the Latin says: the "thing" has been adjudicated or decided already.

█ In order for *res judicata* to apply, four factors must exist: "(1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits." *Paley v. Estate of Ogus,* 20 F.Supp.2d 83, 87 (D.D.C.1998) (citing *Brannock Assoc., Inc. v. Capitol 801 Corp.,* 807 F.Supp. 127, 134 (D.D.C.1992)). It is clear that the parties are the same here as in the earlier case, that the court was legally competent to render its judgment, and that the judgment was a final and appealable judgment on the merits. What is not clear from the prior decision—issued

---

6. Mr. McCreary styled his opposition as a Motion/to Dismiss Defendant's Case as a Fraud/or Alternatively, for Plaintiff Motion for Summary Judgement ("Opposition"), which he filed on February 27, 2003.

7. Kordell Stewart was officially released from the Steelers earlier this year.

after oral argument on the motions and for "essentially" the reasons articulated by USPS and the Unions—is whether there is a complete identity of causes of action in both lawsuits. For this reason, the Court will address the Amended Complaint on the merits even if *res judicata* might otherwise apply to bar it completely.[8]

 Even if not barred because of the earlier case, however, this lawsuit is too early for the Court to decide it now. Mr. McCreary argues that his employer has violated the CBA and that the Unions have failed to represent him fairly. These issues, however, are pending in the grievance arbitration process. As a matter of law, Mr. McCreary is required to exhaust the grievance procedure prior to instituting a lawsuit. *See Republic Steel Corp. v. Maddox,* 379 U.S. 650, 653, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *LeBoutillier v. Air Line Pilots Ass'n Int'l,* 778 F.2d 883 (D.C.Cir.1985). The alleged contract violations and questions concerning the adequacy of the Unions' representation may all be resolved by a favorable arbitration award. Until (1) the Unions decide not to take the case to arbitration, (2) the grievance is settled before arbitration, or (3) an arbitrator issues a final and binding decision, this case is premature.

### III. CONCLUSION

The Amended Complaint is dismissed as to all Defendants pursuant to Federal Rule of Civil Procedure 12(b)(1) based on the fact that there is a grievance pending arbitration that addresses the claims in this lawsuit. In addition, the Amended Complaint is dismissed with prejudice as to Mr.

Burrus and Ms. Johnson because the Unions' officers may not be sued individually for the Unions' alleged breach of the duty of fair representation.

For all of the reasons set forth above, Defendants' two motions to dismiss and Mr. McCreary's Motion to Amend Certificate and Motion to Amend Pleadings are GRANTED. Mr. McCreary's other motions are DENIED. An Order accompanies this Memorandum Opinion.

---

8. Mr. McCreary argues that his lawsuit will only be barred *"when"* he has a full and fair opportunity to litigate it. In this, he misunderstands the legal process. If Mr. McCreary believed that Judge Jackson's decision was in error because Judge Jackson was misled by Defendants, Mr. McCreary should have appealed that decision. An error in the earlier lawsuit would not allow a second lawsuit unless the doctrine of *res judicata* does not apply. Therefore, if Mr. McCreary disagrees with the result of this decision, he should appeal to the United States Court of Appeals for the District of Columbia Circuit and not institute a third lawsuit at the district court level.